**ANGELA K. ZUGMAN**
California Bar No. 216374
LAW OFFICE OF ANGELA K. ZUGMAN
1010 2nd Avenue, Suite 1800
San Diego, California 92101
Phone Number: (619) 787-5334
Fax Number: (619) 924-2201
Email: akzugman@gmail.com

Attorney for Plaintiff Manuel Dorador-Martinez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Manuel Dorador-Martinez,<br><br>   Plaintiff,<br><br>   v.<br><br>CoreCivic, Inc. formerly known as Corrections Corporation of America (CCA); D.O. Carini, in his individual and official capacities; and DOES 1-30, inclusive,<br><br>   Defendants. | Civil Action No.: **'18CV0534 CAB BGS**<br><br>**COMPLAINT FOR:**<br><br>**(1) Battery;**<br>**(2) Sexual Battery;**<br>**(3) Intentional Infliction of Emotional Distress; and**<br>**(4) Violation of Bane Act**<br><br>**(JURY TRIAL REQUESTED)** |

Manuel Dorador-Martinez, ("Plaintiff"), by and through his attorney, Angela K. Zugman, hereby states and alleges as follows:

**I.   INTRODUCTION**

1. On or about March 26, 2016, D.O. Carini conducted a "pat-down" search of Plaintiff by clasping his hands together and delivering a violent upward strike to Plaintiff's genitals. The strike was so powerful that Plaintiff's left testicle retracted 2-3 inches above his scrotum pubic region and remains retracted to this day. Plaintiff will require surgery and will likely lose his left testicle.

Plaintiff's Complaint
*Dorador v. Core Civic, Inc., et al.*                           1

## II. JURISDICTION

2. This Court has jurisdiction to hear this case pursuant to Title 28 U.S.C. § 1332(a)(2) (Diversity).

3. With respect to the claims stated herein based upon state law, this Court has supplemental jurisdiction. *See* Title 28 U.S.C. § 1367(a); *Allen v. City of Los Angeles*, 92 F.3d 842, 945 (9th Cir. 1996).

4. The Southern District of California is the proper venue because the acts and omissions alleged herein occurred in San Diego, California, which is located within the Southern District of California. *See* Title 28 U.S.C. §§ 1391(b)(2) and ©.

5. Pursuant to California Code of Civil Procedure 335.1 the statute of limitations applicable to this cause of action is 2 years from the date of the incident giving rise to the claim. The incident occurred on March 26, 2016, so this cause of action is timely.

## III. PARTIES

6. At all times relevant to this lawsuit, Plaintiff Manuel Dorador ("Plaintiff") was a citizen of the Republic of Mexico. In March 2016, Plaintiff was being held by the United States as an inmate at Defendant CoreCivic, Inc.'s Otay Mesa Detention Center in San Diego County.

7. At all times relevant to this complaint, Defendant CoreCivic, Inc. formerly known as Corrections Corporation of America, Inc. (herein referred to as "CoreCivic") is a for-profit Maryland corporation whose principal office is located at 10 Burton Hills Boulevard, Nashville, Tennessee 37215 and whose registered agent for service of process is CT Corporation System, 300 Montvue Rd, Knoxville, Tennessee 37919. As part of CoreCivic's business, it owns/operates jails, prisons and other correctional facilities throughout the United States under contract with various government entities. At all times relevant to this action, CoreCivic conducted business within San Diego County when operating its Otay Mesa Detention Center.

8. Defendant D.O. Carini ("D.O. Carini") is, and at all times herein mentioned was, an agent or employee of CoreCivic who worked as a detention officer at CoreCivic's Otay Mesa Detention Center ("OMDC").  He was on duty at OMDC while he performed a "pat-down" of Plaintiff. He is sued in his individual and official capacities.

9. Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 30, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

10. Plaintiff will seek leave to amend the Complaint to allege the true identities of the DOE individuals when their identities are discovered.  The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 30, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as "DOE" intentionally, negligently or in some other manner caused injuries proximately and directly to Plaintiff as herein alleged.

## IV. FACTS SUPPORTING CAUSES OF ACTION

11. Plaintiff was arrested on October 18, 2015 at the United States/Mexico border and was charged with a federal controlled substance importation crime.

12. Subsequent to his arrest, Plaintiff was transferred to Defendant CoreCivic's OMDC pending a resolution of his federal criminal case.

13. After his arrival at OMDC, Plaintiff secured a job working in the facility's kitchen.

14. On or about March 26, 2016, D.O. Carini conducted a "pat-down" search of Plaintiff to check for contraband after Plaintiff had completed his shift in the kitchen. This "pat-down" search was done in the presence of other witnesses, including Alexis Moreno and Raul Bernal.

15. Prior to performing the search of Plaintiff, D.O. Carini directed him to take the standard position for a "pat-down" search.

16. This position included Plaintiff standing and facing a wall, placing his hands against the wall, and spreading his legs apart.

17. While conducting this search, and without any warning or provocation, D.O. Carini clasped his hands together, positioned them between Plaintiff's legs and delivered a violent upward strike to the genital area of Plaintiff.

18. Plaintiff immediately felt extreme pain in his scrotum area from the strike.

19. Plaintiff had been hit in this manner by D.O. Carini on one prior occasion, and had also witnessed D.O. Carini striking other inmates in this manner, but this contact was significantly harder than the prior contact.

20. On March 28, 2016, Plaintiff went to OMDC's medical unit to seek treatment for the significant pain and discomfort that resulted from the strike to his genitals. During this visit, he informed RN Palladeno that he was struck violently in the groin by D.O. Carini. Plaintiff was referred to the medical provider for further assessment.

21. On March 29, 2016, Plaintiff returned to OMDC's medical unit and was examined by Dr. Propst who noted that Plaintiff's "L testicle found retracted about 2-3" above scrotum pubic region."

22. Plaintiff, a father of two children, had no history of testicular pain or of an abnormal or undescended testicle prior to the incident.

23. Plaintiff is informed and believes that as a result of the actions of D.O. Carini, he will require surgery and will likely lose his left testicle. Plaintiff may also have issues with the future function of his right testicle along with continuous pain and/or discomfort in his testicular region for the rest of his life.

24. Plaintiff is informed and believes that he may not be able to father children in the future due to the injury caused by D.O. Carini.

Plaintiff's Complaint
*Dorador v. Core Civic, Inc., et al.*                4

25. Plaintiff's left testicle remains retracted at this time. Plaintiff was given special underwear to wear while he was at OMDC to provide support to his testicular region. He continues to take medication to address the severe pain and discomfort that has resulted from D.O. Carini's actions.

## FIRST CAUSE OF ACTION

### Battery as to all Defendants

26. Plaintiff reasserts and re-alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

27. Defendant D.O. Carini's intentional actions as set forth in this complaint proximately caused Plaintiff to be subjected to intentional, non-consensual, and offensive contact to his person.

28. The battery caused injury, loss, and harm to Plaintiff, including fear, pain, humiliation, and suffering.

29. The battery was offensive to Plaintiff's reasonable sense of personal dignity.

30. The conduct of Defendant D.O. Carini amounts to oppression or malice within the meaning of Civil Code Section 3294, *et seq.* and punitive damages should be assessed against Defendant D.O. Carini for the sake of example and punishment. Defendant CoreCivic also is liable for punitive damages because managing agents or officers of the corporation continued to employ D.O. Carini despite knowing of the unfitness of this employee, and ratified and authorized D.O. Carini's unlawful actions.

31. Defendant CoreCivic is liable for the actions of Defendants under the doctrine of respondeat superior, as this intentional tort by Defendant D.O. Carini was committed within the scope of his employment with Defendant CoreCivic.

## SECOND CAUSE OF ACTION

### Sexual Battery as to all Defendants

32. Plaintiff reasserts and re-alleges all prior paragraphs of this Complaint as though the same were set forth herein in full.

Plaintiff's Complaint
*Dorador v. Core Civic, Inc., et al.*     5

33. Defendant D.O. Carini acted with the intent to cause a harmful or offensive contact with an intimate part of Plaintiff and a sexually offensive contact with Plaintiff directly resulted.

34. This offensive contact with Plaintiff's penis and scrotum offended a reasonable sense of Plaintiff's personal dignity.

35. The conduct of Defendant D.O. Carini amounts to oppression or malice within the meaning of Civil Code Section 3294, *et seq.* and punitive damages should be assessed against Defendant D.O. Carini for the sake of example and punishment. Defendant CoreCivic also is liable for punitive damages because managing agents or officers of the corporation continued to employ D.O. Carini despite knowing of the unfitness of this employee, and ratified and authorized D.O. Carini's unlawful actions.

36. Defendant CoreCivic is liable for the actions of Defendant D.O. Carini under the doctrine of respondeat superior, as this intentional sexual battery by D.O. Carini was committed within the scope of his employment with Defendant CoreCivic.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress as to all Defendants

37. Plaintiff reasserts and re-alleges all prior paragraphs of this Complaint as though the same were set forth herein in full.

38. Defendant D.O. Carini's intentional conduct toward Plaintiff constituted outrageous misconduct which shocks the conscience, which unduly submitted Plaintiff to the risk of severe physical harm, and which has caused Plaintiff severe emotional distress and damage.

39. As a direct, proximate and foreseeable result of Defendant D.O. Carini's actions, Plaintiff has suffered severe emotional distress including, but not limited to, knowing that he will suffer from genital disfigurement for the remainder of his life, knowing and fearing that he will suffer from some loss of sexual function and consortium in the future, and contemplating and fearing the possibility that he will not be able to have children in the

future.

40. The conduct of Defendant D.O. Carini amounts to oppression or malice within the meaning of Civil Code Section 3294, *et seq.* and punitive damages should be assessed against Defendant D.O. Carini for the sake of example and punishment. Defendant CoreCivic also is liable for punitive damages because managing agents or officers of the corporation continued to employ D.O. Carini despite knowing of the unfitness of this employee, and ratified and authorized D.O. Carini's unlawful actions.

41. Defendant CoreCivic is liable for the actions of Defendant D.O. Carini under the doctrine of respondeat superior, as these acts were committed within the scope of his employment with Defendant CoreCivic.

## FOURTH CAUSE OF ACTION

**Violation of Bane Act (California Civil Code 52.1) as to all Defendants**

42. Plaintiff reasserts and re-alleges all prior paragraphs of this Complaint as though the same were set forth herein in full.

43. The California Legislature has declared that it violates the state civil rights statutes for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation or coercion.

44. Defendants interfered with Plaintiff's right to be free from torture as a result of Defendant D.O. Carini violently striking Plaintiff in the groin causing excruciating pain and disfigurement.

## PRAYER FOR JUDGMENT AND DAMAGES

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general damages and compensatory damages in an amount according to proof;

2. For punitive and exemplary damages as permitted by law (Cal. Civ. Code §

3294);

    3.    Civil penalties as provided by law;

    4.    Plaintiff's attorney fees and court costs;

    5.    Legal interest on all damages awards from the date of judicial demand until paid;

    6.    And for such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff hereby respectfully makes a demand for a jury trial.

Respectfully submitted,

Dated: March 13, 2018      /s/ *Angela K. Zugman*
ANGELA K. ZUGMAN
Attorney for Plaintiff Manuel Dorador-Martinez