# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Manuel Dorador-Martinez,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CoreCivic, Inc. formerly known as Corrections Corporation of America (CCA); DO Carini, in his individual and official capacities; and DOES 1-30, inclusive,<br><br>　　　　　　　　Defendants. | NO. 3:18-cv-00534-CAB-BGS<br><br>**PROTECTIVE ORDER** |

The following Protective Order is entered to govern the dissemination of documents and information exchanged between the parties in this matter:

1. For purposes of this Agreement, "discovery" means all information, documents, and things subject to discovery and that may be used as evidence in this action, whether produced by any party or a third party, including but not limited to, documents and information produced pursuant to Rule 26, testimony adduced at depositions pursuant to Rule 30 or 31, answers to interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, and answers to requests for admissions pursuant to Rule 36. The term "documents" includes but is not limited to, correspondence, memoranda, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, logs, transcripts, summaries, notes, abstracts, motions, drawings, diagrams, maps, specifications, sketches, drawings, data, reports, work assignments, instructions, and other writings.

2. For purposes of this Stipulation and Protective Order, CONFIDENTIAL INFORMATION means any document, information, or tangible thing, electronic recording or transcript of oral testimony, whether or not made under oath, or any portion of such a document, thing, recording, or transcript, designated by any party as "CONFIDENTIAL INFORMATION" because the party making the designation avers that it can and would make a showing to the Court sufficient to justify the filing of the document or information under seal in accordance with Federal Rule of Civil Procedure 26(c) and/or controlling federal case law, including the following: (a) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26), (b) security-sensitive information (information that if released to the public or inmate population may compromise the safety and security of a correctional facility), (c) confidential personal information, or (d) information reasonably believed to be protected from disclosure pursuant to state or federal law.

3. Only documents marked as "CONFIDENTIAL" will be subject to this Protective Agreement and the Court's Protective Order. Documents subject to this Agreement will be used by non-producing parties only in this lawsuit, including any appeals. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Agreement.

4. Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

a. The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

b. The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated

CONFIDENTIAL INFORMATION will be prominently marked with the legend: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

  c. All portions of deposition transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 7 and 8.

  5. If counsel for any party wishes to file CONFIDENTIAL INFORMATION on the public docket or otherwise make it publicly available, counsel shall notify opposing counsel of their intent to file or distribute such material at least three business days before doing so. Upon such notice, counsel for both parties shall confer in good faith to determine whether redactions are necessary and to agree on appropriate redactions. All pleadings that contain CONFIDENTIAL INFORMATION shall be filed in the public record in redacted form, with as few redactions as possible. An unredacted version will be filed under seal with the clerk of the court.

  6. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

  7. Subject to the Federal Rules of Evidence, CONFIDENTIAL INFORMATION may be offered in evidence at trial or any court hearing in this matter, provided that the proponent of the evidence gives reasonable notice to counsel for any party or other person who designated the information as confidential. Any party may move the Court for an order that the evidence be received in camera or

under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and what protection, if any, may be afforded to the information at trial.

8. Unless otherwise provided in this Order, access to CONFIDENTIAL INFORMATION will be restricted to: the Court and its officers; attorneys in this action and their support staff, including paralegals, legal interns, and legal assistants; testifying or consulting experts; any person noticed for deposition or designated as a trial witness to the extent reasonably necessary to prepare such person to testify, except as prohibited by paragraph 8; U.S. agency officials who are decision makers related to this litigation; where production is required by the Federal Rules of Civil Procedure; or where production is ordered by the Court. Any person to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order.

9. CONFIDENTIAL INFORMATION containing the address, identifying information (does not include last names of current and former CoreCivic employees and contractors), dependent information, or contact information concerning current or former CoreCivic employees or contractors will not be disclosed to any current or former detainee or member of the general public. Access will be restricted to the attorneys in this action, their support staff, and any consulting or testifying experts. Moreover, CONFIDENTIAL INFORMATION containing policies, protocols, practices, and directives specifically relating to security procedures utilized by any CoreCivic employee or contractor or at any CoreCivic facility will not be disclosed to any current or former detainee or the general public. Defendants will produce the information with the label: "CONFIDENTIAL/ATTORNEYS' EYES ONLY."

10. If any party, or that party's counsel, expert, or agent, is required by law or court order to disclose Defendants' CONFIDENTIAL INFORMATION to any

person or entity not identified in paragraph 7, the name of that person or entity will be furnished to Defendants as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that Defendants may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 7 who is then entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

11. The parties retain the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION. If a party to this Order who has received material marked CONFIDENTIAL in accordance with this Order disagrees with the designation, in full or in part, the party shall notify the producing party in writing, and the parties will confer in good faith as to the status of the material at issue. If the recipient and the producing party are unable to agree upon the status of the material at issue, any party may raise the issue with the Court for resolution. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party. No party, by treating designated material as CONFIDENTIAL INFORMATION in accordance with this Order, shall be deemed to have conceded that the material actually is confidential.

12. Upon completion of this litigation, counsel and their experts shall return, or by agreement of the parties may provide a Certificate of Destruction, to the producing party any CONFIDENTIAL INFORMATION produced in this action. Return or destruction of the documents designated as CONFIDENTIAL INFORMATION subject to the Protective Order shall be completed within 30 days of completion of this litigation. Legal memoranda and briefs containing protected information and any work product materials containing protected information may be retained if such documents shall be kept in the possession of a private litigant's

counsel, and shall not in the future be disclosed contrary to the provisions of this Order. Nothing herein shall restrict Defendant CoreCivic's use of their records for official business or for other purposes consistent with other applicable laws and regulations. Any action by this Court must be preceded by an ex parte motion for an order authorizing the return of all Confidential and Attorneys' Eyes Only Material to the party that produced the information or the destruction thereof.

13. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

14. Without separate court order, the Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

15. Nothing in this Agreement precludes Plaintiff or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from the Protective Order.

16. Each person designated in Paragraph 7, by receiving a copy of the Protective Order entered by the Court as part of this Agreement, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order or Agreement is breached.

Dated: June 1, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge