UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL DORADOR-MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC INC.; DO CARINI,<br><br>Defendants. | Case No.: 18-CV-534-CAB-BGS<br><br>**ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. No. 45] AND DEFENDANTS' MOTION TO EXCLUDE EXPERT [Doc. No. 46]** |

Pending before the Court are Defendants' motion for summary judgment and motion to exclude expert. [Doc. Nos. 45, 46.]

I. MOTION FOR SUMMARY JUDGMENT

BACKGROUND

On March 13, 2018, Plaintiff Manuel Dorador-Martinez ("Plaintiff") filed a complaint for battery, sexual battery, intentional infliction of emotional distress, and violation of the (California) Bane Act. [Doc. No. 1.] Plaintiff is a citizen of Mexico who, in March 2016, was being held by the United States as an inmate at Defendant CoreCivic Inc.'s Otay Mesa Detention Center ("OMDC") in San Diego County. [Doc. No. 1 at ¶6.] Defendant D.O. Carini was employed as a detention officer at OMDC. [Doc.

1

No. 1 at ¶8.] Plaintiff alleges that on or about March 26, 2016, Carini conducted a "pat-down" search of Plaintiff by clasping his hands together and delivering a violent upward strike to Plaintiff's genitals. [Doc. No. 1 at ¶1.] According to Plaintiff, the strike was so powerful that Plaintiff's left testicle retracted 2-3 inches above his scrotum pubic region and remains retracted to this day; Plaintiff will require surgery and will likely lose his left testicle. *Id.*

On March 29, 2019, Defendants filed a motion for summary judgment [Doc. No. 45] and a motion to exclude expert [Doc. No. 46]. Both motions are fully briefed. [Doc. Nos. 48, 49, 52 and 53.]

DISCUSSION

A. Legal Standard.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). It is the moving party's burden to show there is no factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to show there is a genuine issue for trial. *Id.* at 331.

The Court considers the record as a whole and draws all reasonable inferences in the light most favorable to the non-moving party. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir.2000). The Court does not make credibility determinations or weigh conflicting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rather, the Court determines whether the record "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

B. Analysis.

Plaintiff has presented evidence that he was assaulted by Defendant Carini on <u>or about</u> March 24-26, 2019, including Plaintiff's own testimony as well as the testimony of several eyewitnesses. [Doc. Nos. 48-1, Exhibits 1-3.] Plaintiff has also presented

CoreCivic medical records showing he received medical treatment after the alleged assault [Doc. No. 48-1, Ex. 5], as well as internal grievance documents he filed with CoreCivic about the alleged assault [Doc. No. 48-1, Ex. 6 and 7].  Finally, Plaintiff has presented corroborating notes/testimony by his criminal defense attorneys who visited him shortly after the alleged assault.  [Doc. No. 48-1, Ex. 4, 18, 20, 21, 23, 24.]

Defendants argue that the "irrefutable documentary evidence" is that Officer Carini was not working on March 28, 2016, and that was the only date that the alleged assault could have occurred.  [Doc. No. 45-1 at 8.]  Defendants' argument rests upon their assumption that the records[1] they have submitted are "irrefutable."  However, while the records Defendants have submitted, if properly authenticated, may be admissible as business records, they are still subject to cross-examination, and a jury will ultimately determine their authenticity.

It is textbook law that documents may be admitted as long as they are relevant and properly authenticated.  The judge makes a preliminary determination as to whether there is sufficient evidence to sustain a jury finding of authenticity. FRE 104(b); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1410 (2nd Cir. 1996).  As long as there is sufficient evidence to support a finding of authenticity, the documentary evidence may go to the jury.  The fact conflicting inferences can be drawn regarding authenticity affects weight, not admissibility. *Transamerica Leasing, Inc. v. Institute of London Underwriters,* 267 F.3d 1303, 1308 (11th Cir. 2001).  Once the judge finds sufficient evidence of authenticity and admits the documentary evidence, the jury, as trier of fact, makes the ultimate determination. *Alexander Dawson, Inc. v. NLRB*, 586 F.2d 1300, 1302 (9th Cir. 1978).

Here, the CoreCivic records Defendants have submitted appear to be records that, at trial, could be admitted as business records if properly authenticated by a witness.

---

[1] The records in question are the OMDC kitchen staffing records.  *See* Doc. No. 45-2, Ex. 5 and 6.

However, Plaintiff has submitted evidence that presents conflicting inferences as to the reliability of those CoreCivic records. This conflicting evidence includes Plaintiff's testimony[2], the testimony of the eyewitnesses, the testimony of Plaintiff's criminal defense attorneys[3], and the Plaintiff's medical records showing treatment for testicular pain. Ultimately, the jury will decide if the CoreCivic records are in fact reliable and admissible. Accordingly, there are triable issues of fact as to whether Defendant Carini was working at the time of the alleged assault and whether the alleged assault occurred.

C. Bane Act.

In the Fourth Cause of Action, Plaintiff alleges that "Defendants interfered with Plaintiff's right to be free from torture as a result of Defendant D.O. Carini violently striking Plaintiff in the groin causing excruciating pain and disfigurement" [Doc. No. 1 at ¶44], and this is a violation of the Bane Act, California Civil Code §52.1.

The Bane Act punishes any "person or persons, whether or not acting under color of law, [who] interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the

---

[2] Defendants argue that a triable issue cannot be created by Plaintiff's "self-serving" testimony. However, the Ninth Circuit has long held that declarations are often self-serving and cannot be disregarded at the summary judgment stage merely because of their self-serving nature. *Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495 (9th Cir. 2015)("[a]lthough the source of the evidence may have some bearing on its credibility and on the weight it may be given by a trier of fact, the district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature. *Id.* at 497. Here, Plaintiff's deposition testimony is based on his personal knowledge, legally relevant, and internally consistent. If Plaintiff has not been consistent on the exact date of the alleged assault, that is simply another factor for the jury to consider when it evaluates the credibility of Plaintiff's testimony. Therefore, Plaintiff's testimony is sufficient to create a triable issue as to whether and when the alleged assault occurred.

[3] Defendants object to the handwritten notes of attorneys Trimble and Berstein as inadmissible hearsay and not properly authenticated. [Doc. No. 53 at 9.] These objections, while perhaps superficially valid, miss the mark. First, at the summary judgment stage, courts focus on admissibility of the evidence's content, not its form. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). Thus, while the handwritten notes may not be admissible as, for example, business records, it is possible the notes may be utilized at trial to refresh the memory of a witness or may even be admissible as recorded recollection. FRE 803(5). Thus, the objections are overruled without prejudice to being raised at trial.

rights secured by the Constitution or laws of this state." Cal Civ. Code § 52.1(a). The Bane Act also provides a cause of action for anyone whose rights are harmed in this way. *Id*. § 52.1(b). In order to state a claim under the Bane Act, a plaintiff must allege "(1) interference with or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation, or coercion." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67, 183 Cal.Rptr.3d 654 (2015).

Defendants argue that Plaintiff has not proffered any evidence that Defendants interfered with his constitutional rights, much less identified one. Contrary to Defendants' assertions, Plaintiff has provided evidence which, if believed by a jury, would show that he was assaulted by a detention officer—a clear violation of his constitutional right not to be subjected to excessive force. "Where Fourth Amendment unreasonable seizure or excessive force claims are raised and intentional conduct is at issue, there is no need for a plaintiff to allege a showing of coercion independent from the coercion inherent in the seizure or use of force." *Dillman v. Tuolumne Cnty.*, No. 13–00404, 2013 WL 1907379, at *21 (E.D.Cal. May 7, 2013). *See also Rodriguez v. City of Modesto*, No. 10–01370, 2013 WL 6415620, at *13 (E.D.Cal. Dec. 9, 2013) ("A plaintiff bringing a Bane Act excessive force [claim] need not allege a showing of coercion independent from the coercion in the use of force.") No further evidence is needed to create a triable issue of fact as to whether there was a Bane Act violation.

D. Punitive Damages.

Defendants argue Plaintiff has failed to establish punitive damage liability against CoreCivic because Plaintiff fails to identify which of CoreCivic's managing agents or officers continued to employ Officer Carini despite his alleged unfitness. [Doc. No. 45-1 at 9-10.] By statute, where a plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover [punitive] damages." Cal. Civ. Code § 3294(a). Nevertheless, a corporate entity cannot commit willful and malicious conduct; instead,

5

"the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." *Id*. § 3294(b); *Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*, No. 14-CV-00362-BLF, 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014) ("[A] company simply cannot commit willful and malicious conduct—only an individual can."). A corporate employer may not be held liable for punitive damages arising from the acts of an employee unless "an officer, director, or managing agent of the corporation ... had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." Cal. Civ.Code § 3294(b). Therefore, Plaintiff must present evidence that an officer, director, or managing agent of Defendants committed an act of oppression, fraud, or malice.

Here, while Plaintiff has presented some evidence that may constitute ratification [e.g. failure to discipline Carini or terminate his employment], Plaintiff has not identified any individual officer, director or managing agent who allegedly engaged in such ratification. Simply arguing that "[Plaintiff] believes that Defendant CoreCivic knew what Carini did," or that "CoreCivic knew about the assault and never disciplined Carini," is insufficient to create a genuine issue for trial. Therefore, the motion for summary adjudication of the claim for punitive damages against Defendant CoreCivic is granted.[4]

## II. MOTION TO EXCLUDE EXPERT

Defendants see to exclude certain opinions by Plaintiff's expert, Dr. Tung Hsieh, on the grounds that they are unreliable and are based, in part, on inadmissible evidence.

---

[4] The punitive damage claim will remain as to Defendant Carini.

[Doc. No. 46.] Dr. Hsieh, an experienced urologist at the University of California, San Diego Health System, has opined that Plaintiff's pain is related to a blunt force trauma to his left testicle, and that such force could be generated by a "235 lb man who stays in shape." [Doc. No. 46-2 at 5.] Defendants argue that Dr. Hsieh is not a biomechanical engineer and therefore cannot testify to causation of the injury. [Doc. No. 46-1 at 3-4.] In addition, Defendants argue that Dr. Hsieh's opinions regarding the biomechanical forces he believes were involved are not grounded in reliable data that was applied to any valid scientific method or principle. [Doc. No. 46-1 at 4-5.] The Court is not persuaded. Defendants arguments go to the weight of Dr. Hsieh's opinions, not their admissibility. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1313 (9th Cir. 1995); *Primiano v. Cook*, 598 F.3d 558, 564-565 (9th Cir. 2010).

Finally, Defendants argue that Dr. Hseih's opinions should be excluded because they rely [in small part] on criminal records which are inadmissible. The records in question show that Def. Carini pled guilty to a felony assault charge on December 11, 2017. [Doc. No. 48-2.] First, it is not clear at this point that the records are inadmissible, especially if Defendant Carini testifies. *See* FRE 609. However, even if the records are inadmissible, the Federal Rules of Evidence make clear that experts can rely on otherwise inadmissible facts if experts in the field would reasonably rely on those kinds of facts. FRE 703. Finally, Defendants' Rule 403 concerns regarding prejudice can be addressed at trial by limiting the expert's disclosure to the jury of any inadmissible material. *See U.S. v. Williams*, 740 F.Supp.2d 4, 9-10 (D.C. 2010)(expert opinion based on inadmissible material not excluded where expert did not disclose any of the inadmissible material in his direct examination, and he had a sound basis for his opinion and conclusions). Therefore, the motion to exclude Dr. Hseih's opinions is **DENIED without prejudice,** subject to renewal at the time of trial.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment is **DENIED**, except that the motion for summary adjudication of the punitive damages claim against

7

CoreCivic is **GRANTED**. In addition, the motion to exclude Dr. Hseih's opinions is **DENIED without prejudice**, as stated above.

**IT IS SO ORDERED.**

Dated: May 23, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge