UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL DORADOR-MARTINEZ, | Case No.:  18-CV-534-CAB-BGS |
| Plaintiff, | **PRETRIAL ORDER** |
| v. | |
| CORECIVIC INC.; DO CARINI, | |
| Defendants. | |

Following pretrial proceedings and pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.1.f.6, **IT IS SO ORDERED** that:

### I.
### STATEMENT OF THE CASE

This is a lawsuit alleging (1) Battery; (2) Sexual Battery; (3) Intentional Infliction of Emotional Distress; and (4) Violation of Bane Act under California Civil Code §52.1.

The Plaintiff is Manuel Dorador-Martinez. Plaintiff is a citizen of Mexico who, in March 2016, was being held by the United States as an inmate at Defendant CoreCivic Inc.'s Otay Mesa Detention Center ("OMDC") in San Diego County. Plaintiff alleges that in the last two weeks of March 2016, Defendant Carini

1

conducted a pat-down search of Plaintiff and struck him in the left testicle, causing injury. Plaintiff alleges his left testicle retracted 2-3 inches above his scrotum pubic region and remains retracted to this day. Plaintiff also alleges he will require surgery and will likely lose his left testicle.

The Defendants are Michael V. Carini and CoreCivic, Inc. Defendant Carini was employed as a detention officer at OMDC in March 2016. Defendants allege that Defendant Carini was not working at the time the Plaintiff stated the incident occurred and, therefore, could not have assaulted Plaintiff. Defendants also allege that Plaintiff's medical condition is a pre-existing undescended and genetically atrophied testicle, and that he fabricated the alleged incident to obtain a reduced sentence in his criminal conviction and for monetary gain.

## II.

## CAUSES OF ACTION, DAMAGES, AND DEFENSES

**A. Causes of Action**

Plaintiff intends to pursue the following causes of action against Defendants, which are numbered below according to how they are numbered in the complaint.

1. Battery;
2. Sexual Battery;
3. Intentional Infliction of Emotional Distress; and
4. Violation of Bane Act under California Civil Code §52.1.

**B. Elements of Causes of Action**

**1. Battery**

Plaintiff claims that Defendant Carini committed a battery. To establish this claim, Plaintiff must prove all of the following:

1) That Defendant Carini touched plaintiff with the intent to harm or offend him;
2) That plaintiff did not consent to the touching; and
3) That plaintiff was harmed or offended by Defendant Carini's conduct; and

2

4) That a reasonable person in plaintiff's situation would have been offended by the touching.

In an action for civil battery, the element of intent is satisfied if the defendant acted with a "willful disregard" of the plaintiff's rights. *Ashcroft v. King* (1991), 228 Cal. App 3d 604, 613, CACI No. 1320.

## 2. Sexual Battery

Plaintiff claims that Defendant Carini committed a sexual battery. To establish this claim, Plaintiff must prove the following:

1) That Defendant Carini intended to cause a harmful or offensive contact with plaintiff's sexual organ, and a sexually offensive contact with plaintiff resulted, either directly or indirectly; and

2) That plaintiff did not consent to the touching; and

3) That plaintiff was harmed or offended by defendant's conduct.

"Offensive contact" means contact that offends a reasonable sense of personal dignity.

## 3. Intentional Infliction of Emotional Distress

Plaintiff claims that Defendant Carini's conduct caused him to suffer severe emotional distress. To establish this claim, Plaintiff must prove all of the following:

1) That Defendant Carini's conduct was outrageous;

2) That defendant intended to cause plaintiff emotional distress;

3) That plaintiff suffered severe emotional distress; and

4) That defendant's conduct was a substantial factor in causing plaintiff's severe emotional distress

## 4. Violation of Bane Act under California Civil Code §52.1.

Plaintiff claims that Defendant Carini intentionally interfered with his civil rights by threats, intimidation, and coercion. To establish this claim, Plaintiff must prove all of the following:

1) That Defendant Carini acted violently against plaintiff to prevent him from exercising his rights;

3

2) That plaintiff was harmed; and

3) That defendant's conduct was a substantial factor in causing plaintiff's harm.

## C.    Damages

Plaintiff is seeking general and compensatory damages against Defendants based on mental, physical, psychological, and emotional suffering and distress, in an amount to be proven at trial. Plaintiff is also seeking exemplary and punitive damages against Defendant Carini in an amount to be proven at trial. Plaintiff is also seeking costs of suit herein, including reasonable attorneys' fees, and such other relief and damages to which Plaintiff may be entitled pursuant to state law.

## D.    Defenses

Defendants dispute liability on all claims and dispute the nature and extent of Plaintiff's damages. Defendants dispute that this incident occurred.  Defendants also dispute that Defendant Carini was working during the time-frame of the alleged incident and, therefore, could not have committed the alleged act. Defendants also dispute that Plaintiff's condition was caused by an incident at OMDC and, in fact, is a preexisting condition Plaintiff has had since birth.  Defendants assert that the Plaintiff fabricated the incident for monetary gain and to obtain a reduced sentence on his criminal charge of smuggling 40.90 pounds of Methamphetamines over the border.  Finally, had Plaintiff actually suffered the alleged injuries, he has failed to mitigate his damages by not seeking the medical treatment recommended to him by the Urologist he was provided by OMDC and, instead, has only taken over-the-counter pain medication for the past three years.

## III.

## WITNESSES

## A.    Plaintiff's Witnesses:

| 1. Fact Witnesses | Substance of Testimony |
|---|---|
| Plaintiff Manuel Dorador-Martinez: | testimony regarding events leading up to and involved in this case, and regarding damages. |

4

| 1. Fact Witnesses | Substance of Testimony |
| --- | --- |
| Miriam Adriana Padilla Valdovinos: | testimony regarding events leading up to and involved in this case, and regarding damages. |
| Alexis Moreno: | testimony regarding events leading up to and involved in this case, and regarding damages. |
| Raul Bernal-Perez: | testimony regarding events leading up to and involved in this case, and regarding damages. |
| Whitney Bernstein: | testimony regarding her April 5, 2016 visit with Plaintiff. |
| Mark Owens: | testimony regarding his April 5, 2016 visit with Plaintiff, accompanying Whitney Bernstein as her interpreter. |
| Kimberly Trimble: | testimony regarding her visits with Plaintiff before and after the incident. |
| Defendant Michael V. Carini: | testimony regarding events leading up to and involved in this case, the assault, and related topics such as his training, the meaning of certain documents, and the policies, practices, and procedures of CoreCivic, Inc.'s Otay Mesa Detention Center. |
| Beverly Soria: | testimony regarding events involved in this case, Defendant Carini's assault, email dated August 22, 2018 forwarded from Wiley (Manager, Human Resources) to B. Soria on September 19, 2018, regarding "Fitness Determination- Carini, Michael V. (2640) – Denial," and related topics such as her role as Quality Assurance Manager, the meaning of certain documents, and the policies, practices, and procedures of CoreCivic, Inc.'s Otay Mesa Detention Center. |
| Rupert Rivera: | testimony regarding events involved in this case, his role as Facility Investigation Manager; email he sent to Assistant Warden Weaver on September 14, 2015 regarding "Allegation – OIG/DRIL hotline – CRCL (discrimination)" against Defendant Carini; and related topics such as the policies, practices, and procedures of CoreCivic, Inc.'s Otay Mesa Detention Center. |

5

| 2.  Expert Witness | Substance of Testimony |
|---|---|
| T. Mike Hsieh, M.D.: | testimony regarding his opinions as to cause and extent of Plaintiff's damages due to trauma to left testicle. |

| 3.  Potential Additional Witnesses | Substance of Testimony |
|---|---|
| Jack Kairy: | testimony regarding his visit with Plaintiff, accompanying Kimberly Trimble as her interpreter, and his efforts in obtaining Plaintiff's medical records from Otay Mesa Detention Center. |
| Angelica Hernandez: | testimony regarding her documentation of calls Plaintiff made to Kimberly Trimble. |
| Franklin Reid: | testimony regarding his transportation of Plaintiff to Alvarado Hospital Emergency Room on March 29, 2016 and information relayed to him by CoreCivic supervisors concerning Plaintiff. |
| L. Valbuena: | testimony regarding his transportation of Plaintiff to Alvarado Hospital Emergency Room on March 29, 2016 and information he translated from Spanish to English to the Alvarado Hospital medical staff. |
| Paul Nordstrom N.P.: | testimony regarding Plaintiff's health evaluation at Metropolitan Correction Center San Diego ("MCC") in October 2015. |
| Noe Lopez, P.A.: | testimony regarding events involved in this case and Plaintiff's medical treatment while Plaintiff was in custody at Otay Mesa Detention Center. |
| Andres Morera, R.N.: | testimony regarding events involved in this case and Plaintiff's medical treatment while Plaintiff was in custody at Otay Mesa Detention Center. |
| Anthony J. Palladeno, R.N.: | testimony regarding events involved in this case and Plaintiff's medical treatment while Plaintiff was in custody at Otay Mesa Detention Center. |
| Tobe Propst, M.D.: | testimony regarding events involved in this case and Plaintiff's medical treatment while Plaintiff was in custody at Otay Mesa Detention Center. |

6

| 3. Potential Additional Witnesses | Substance of Testimony |
|---|---|
| Emily Ednacot, R.N.: | testimony regarding events involved in this case and Plaintiff's medical treatment while Plaintiff was in custody at Otay Mesa Detention Center. |
| Eric R. Einstein, M.D.: | testimony regarding events involved in this case and Plaintiff's medical treatment at Alvarado Hospital on March 29, 2016. |
| Fred Figueroa, Warden: | testimony regarding events involved in this case, Defendant Carini's felony assault conviction, and related topics such as the policies, practices, and procedures of CoreCivic, Inc.'s Otay Mesa Detention Center. |
| D. Landin: | testimony regarding scheduling of shifts for OMDC detention officers in February and March 2016. |
| Custodian of Records - CoreCivic, Inc.'s Otay Mesa Detention Center: | testimony to authenticate documents or materials produced/maintained by CoreCivic, Inc. at Otay Mesa Detention Center. |
| Custodian of Records – Medical records for inmates at Otay Mesa Detention Center: | testimony to authenticate Plaintiff's medical records at CoreCivic, Inc. at Otay Mesa Detention Center. |
| Custodian of Records – Medical records for inmates at Metropolitan Correction Center San Diego: | testimony to authenticate Plaintiff's medical records at CoreCivic, Inc. at at Metropolitan Correction Center San Diego. |
| Any impeachment and rebuttal witnesses as necessary | |
| Any witnesses listed by Defendants | |

## B.    Defendants' Witnesses:

| 1. Fact Witnesses | Substance of Testimony |
|---|---|
| M. Carini | Mr. Carini will testify regarding the dates, locations and times he was posted as a Detention Officer from March 22 to March 28, 2016, at OMDC and duties when assigned to this post.  He will testify regarding his training for and the method used during pat-down |

7

| 1. Fact Witnesses | Substance of Testimony |
|---|---|
| | searches, and his adherence to the basic security practices of the facility. In addition, he will testify regarding Plaintiff's allegations in his Complaint. Mr. Carini will testify consistent with his deposition, discovery responses and declarations submitted in this case. |
| D. Morris | Mr. Morris will testify regarding CoreCivic customs, policies, and practices relating to roles and responsibilities of unit team personnel in observing and interacting with the detainees, maintaining the safe and orderly operation of the facility, and as they relate to the allegations in this lawsuit. He will testify regarding documents and reports, and the training provided by CoreCivic to its employees in general and, specifically, training relating to pat-down searches. Mr. Morris will also testify regarding any personal knowledge he may have of the Plaintiff or the events giving rise to this lawsuit, including but not limited to, any observations, interactions, or communications he may have had with the Plaintiff or other detainees. |
| Manuel Dorador-Martinez | It is expected that Plaintiff will testify regarding his knowledge of the events giving rise to his claims, the facts in question, his prior medical conditions, including fertility/infertility, his attempts to and reasons for illegally entering the United States, subsequent medical treatment sought/received for his alleged injuries, and the nature and extent of his damages. He will also testify regardingHe will generally testify as he did during his deposition in this case. |
| Dr. James Fawcett via video deposition | Dr. Fawcett will testify regarding his evaluation of Plaintiff on or around May 6, 2016, while employed at Alvarado Hospital, and consistent with his evaluation written on or around that date, and regarding other matters as contained in his deposition submitted in this case. |

| 2. Expert Witness | Substance of Testimony |
|---|---|
| Ali Borhan, MD, FACS | Dr. Borhan will testify consistent with his expert report. He will testify regarding the male scrotal anatomy, various types of testicular trauma and pain, testicular dislocation, and the movement of a testicle through the scrotal neck up into the inguinal canal, underdevelopment of the hemi-scrotum, undescended testicles, and the effect of the condition on a male's fertility. He will testify regarding Plaintiff's explanation of the events causing his |

8

| 2. Expert Witness | Substance of Testimony |
|---|---|
| | condition, any imaging taken, Plaintiff's medical records, and the symptoms he exhibited. He will testify regarding the virtual impossibility of a fully developed testicle migrating up into the inguinal canal, except in very rare circumstances associated with high impact trauma such as motorcycle accidents or anatomical abnormalities. |

| 3. Potential Additional Fact Witnesses | Substance of Testimony |
|---|---|
| D. Topasna | Mr. Topasna will testify regarding CoreCivic customs, policies, and practices relating to roles and responsibilities of unit team personnel in observing and interacting with the detainees, maintaining the safe and orderly operation of the facility, and as they relate to the allegations in this lawsuit. He will testify regarding the training provided by CoreCivic to its employees in general and, specifically, training relating to pat-down searches. Mr. Topasna will also testify regarding any personal knowledge he may have of the Plaintiff or the events giving rise to this lawsuit, including but not limited to, any observations, interactions, or communications he may have had with the Plaintiff or other detainees. |
| C. Tapia | Mr. Tapia will testify that he was at times assigned to transport detainees who needed medical care to outside facilities for treatment and, specifically, the transport of Plaintiff to Alvarado Hospital. He will testify that he never told Plaintiff or any other individual that Defendant Carini assaulted other detainees or that Plaintiff should sue DO Carini. Mr. Tapia will testify consistent with any log entries or Transport Tickets he made or completed, his actions and observations during the transport and while at Alvarado Hospital, and regarding any personal knowledge he may have of the Plaintiff, including any and all conversations he had with Plaintiff, any statements made by Plaintiff, and all matters relevant to the allegations set forth in Plaintiff's Complaint. |
| J. Corona | Mr. Corona will testify that he was at times assigned to transport detainees who needed medical care to outside facilities for treatment and, specifically, the transport of Plaintiff to Alvarado Hospital. He will testify that he never told Plaintiff or any other individual that Defendant Carini assaulted other detainees or that Plaintiff should sue DO Carini. Mr. Corona will testify consistent with any log entries or |

9

| 3.  Potential Additional Fact Witnesses | Substance of Testimony |
|---|---|
|  | Transport Tickets he made or completed, his actions and observations during the transport and while at Alvarado Hospital, and regarding any personal knowledge he may have of the Plaintiff, including any and all conversations he had with Plaintiff, any statements made by Plaintiff, and all matters relevant to the allegations set forth in Plaintiff's Complaint. |
| L. Williams | Ms. Williams will testify that she has no recollection of the events alleged by Plaintiff in the Complaint, his interrogatory responses or deposition testimony. She will testify that had she been aware of any such incidents, she would recall the alleged events.  Ms. Williams will testify consistent with any log entries she made or completed, and any personal knowledge she may have of the Plaintiff, including any and all conversations she had with Plaintiff, any statements made by Plaintiff, and all matters relevant to the allegations set forth in Plaintiff's Complaint. |
| A. Hernandez | Mr. Hernandez will testify that he has no recollection of the events alleged by Plaintiff in the Complaint, his interrogatory responses or deposition testimony. He will testify that had he been aware of any such incidents, he would recall the alleged events.  Mr. Hernandez will testify consistent with any log entries he made or completed, and any personal knowledge he may have of the Plaintiff, including any and all conversations he had with Plaintiff, any statements made by Plaintiff, and all matters relevant to the allegations set forth in Plaintiff's Complaint. |
| D. Hernandez | Ms. Hernandez will testify regarding her recollection of the events alleged by Plaintiff in the Complaint, his interrogatory responses and/or deposition testimony.  She will testify that had she been aware of any such incidents, she would recall the alleged events.  Ms. Hernandez will testify consistent with any log entries she made or completed, and any personal knowledge she may have of the Plaintiff, including any and all conversations she had with Plaintiff, any statements made by Plaintiff, and all matters relevant to the allegations set forth in Plaintiff's Complaint. |
| V. Sanchez | Mr. Sanchez will testify regarding his recollection of the events alleged by Plaintiff in the Complaint, his interrogatory responses or deposition testimony. He will also testify that had he been aware of any such incidents, he would recall the alleged events.  In |

10

| 3. Potential Additional Fact Witnesses | Substance of Testimony |
|---|---|
| | addition, Mr. Sanchez will testify consistent with any log entries he made or completed, and any personal knowledge he may have of the Plaintiff, including any and all conversations he had with Plaintiff, any statements made by Plaintiff, and all matters relevant to the allegations set forth in Plaintiff's Complaint. |
| R. Chairez | Mr. Chairez will testify regarding his trip with Defendant Carini to Rosarito, Mexico from March 25, 2016 - March 27, 2016. |
| F. Reid | Mr. Reed will testify regarding times he was assigned to transport detainees who needed medical care to outside facilities for treatment and, specifically, the transport of Plaintiff to Alvarado Hospital. Mr. Reid will testify that he never heard Plaintiff identify Defendant Carini as the detention officer who struck his groin and that he has never known Defendant Carini to assault a detainee. He will testify that he had no involvement in developing or providing input into any OMDC staffing plan and has no knowledge of FTE requirements or relief factors for OMDC. |
| Dr. T. Propst | Dr. Propst will testify regarding his knowledge of the medical treatment provided to Plaintiff and any evaluations, observations or reports prepared regarding Plaintiff, including that Plaintiff is uncircumcised. Further, he will testify regarding any and all reports and/or narratives he authored or reviewed. Dr. Propst may also testify regarding any conversations he had with Plaintiff, any statements made by Plaintiff, and all matters relevant to the allegations in Plaintiff's Complaint. |
| N. Lopez | Mr. Lopez will testify regarding his knowledge of the medical treatment provided to Plaintiff and any evaluations, observations or reports prepared regarding Plaintiff, including that Plaintiff is uncircumcised. He may testify regarding any and all reports and/or narratives he authored or reviewed. Mr. Lopez may also testify regarding any conversations he had with Plaintiff, any statements made by Plaintiff, and all matters relevant to the allegations in Plaintiff's Complaint. |
| Dr. Eric Einstein | Dr. Einstein will testify regarding his knowledge and experience as an Emergency Room Physician. He will testify regarding his examination of Plaintiff on March 29, 2016, after the alleged incident, and his written evaluation prepared regarding Plaintiff on that date. Dr. Einstein will testify that a pat-down |

11

| 3. Potential Additional Fact Witnesses | Substance of Testimony |
| --- | --- |
| | search could not have caused a testicle to become lodged in the inguinal canal. |
| A. Palladeno, RN | Mr. Palladeno will testify regarding his knowledge of the medical treatment provided to Plaintiff and any evaluations, observations or reports prepared regarding Plaintiff. He may testify regarding any and all reports and/or narratives he authored or reviewed. Finally, Mr. Palladeno may also testify regarding any conversations he had with Plaintiff, any statements made by Plaintiff and all matters relevant to the allegations set forth in Plaintiff's Complaint. |
| A. Morera, RN | Mr. Morera will testify regarding his knowledge of the medical treatment provided to Plaintiff and any evaluations, observations or reports prepared regarding Plaintiff. He may testify regarding any and all reports and/or narratives he authored or reviewed. Finally, he may also testify regarding any conversations he had with Plaintiff, any statements made by Plaintiff and all matters relevant to the allegations set forth in Plaintiff's Complaint. |
| J. Baliwan, RN | Ms. Baliwan will testify regarding her knowledge of the medical treatment provided to Plaintiff and any evaluations, observations or reports prepared regarding Plaintiff. She may regarding any and all reports and/or narratives she authored or reviewed. Finally, she may also testify regarding any conversations she had with Plaintiff, any statements made by Plaintiff and all matters relevant to the allegations set forth in Plaintiff's Complaint. |
| P. Nordstrom, NP | Mr. Nordstrom will testify regarding his knowledge of any medical treatment provided to or physical examinations of Plaintiff, and any evaluations, observations or reports prepared regarding Plaintiff. He may testify regarding any and all reports and/or narratives he authored or reviewed. Mr. Nordstrom may also testify regarding any conversations he had with Plaintiff, any statements made by Plaintiff, and all matters relevant to the allegations in Plaintiff's Complaint. |
| Kimberly Trimble | Ms. Trimble will testify regarding her visits with Plaintiff at OMDC, her notes taken during those visits, and the reduction in Plaintiff's criminal sentence as a result of his allegations of the subject incident. |

12

| 3. Potential Additional Fact Witnesses | Substance of Testimony |
|---|---|
| Miriam Adriana Padilla-Valdovinos | Testimony regarding Plaintiff's prior medical conditions, including fertility/infertility, the Plaintiff's attempts to and reasons for illegally entering the United States, subsequent medical treatment sought/received by Plaintiff for his alleged injuries, and her relationship with the Plaintiff. She will generally testify as she did during her deposition in this case. |
| Any impeachment and rebuttal witnesses as necessary | |
| Any witnesses listed by Plaintiff | |

## IV.

## EXHIBITS

### A.   Plaintiff's Exhibits:

| Expected Exhibits | Description |
|---|---|
| 1. | Whitney Bernstein's handwritten notes regarding her April 5, 2016 visit with Dorador-Martinez at OMDC (P225-P226) |
| 2. | Dorador-Martinez Case History Report – Attorney Timekeeping Entries for timeframe January 28, 2016 through April 13, 2016 (P073) |
| 3. | Kimberly Trimble handwritten notes regarding her April 13, 2016 visit with Dorador-Martinez at OMDC (P076) |
| 4. | Addendum to the Presentence Report "In the Matter of Manuel DORADOR Martinez" Docket No. 15CR02870-001 (P078) |
| 5. | June 22, 2016 email from Angelica Hernandez to Kimberly Trimble regarding call from Dorador-Martinez (P227) |
| 6. | Dorador-Martinez's Medical Records from Metropolitan Correction Center San Diego ("MCC") Bureau of Prisons Health Services in October 2015 (P228-P257) |
| 7. | Western Regional Detention Center Detainee File Dorador (CC-DM001196-001273) |
| 8. | Dorador-Martinez's medical records from OMDC date range January 14, 2016 through March 22, 2016 (P029-P053) |

13

| Expected Exhibits | Description |
|---|---|
| 9. | Dorador-Martinez's medical records from OMDC date range March 28, 2016 through June 16, 2016 (P001-P028) |
| 10. | Dorador-Martinez's Transportation Trip Ticket from OMDC to Alvarado Hospital E.R. on March 29, 2016 (CC-DM000148) |
| 11. | Plaintiff's medical records from Alvarado Hospital Medical Center dated March 29, 2016 (P289-P302) |
| 12. | Alvarado Hospital Medical Center Radiology Department – Plaintiff's Ultrasound Testis dated March 29, 2016 |
| 13. | Plaintiff's medical records from Alvarado Hospital Medical Center dated May 6, 2016 (P305-P306) |
| 14. | Dorador-Martinez's pink copy of Grievance Form (P064) |
| 15. | Dorador-Martinez's pink copy of Request for Assistance form dated April 16, 2016 (P065) |
| 16. | Sample OMDC Grievance Form for detainees/inmates (CC-DM001274-1276) – Defendants to provide original |
| 17. | OMDC Visitation Record for Dorador-Martinez timeframe January through May 2016 (CC-DM000293) |
| 18. | Defendant Carini CV (CC-DM00840) |
| 19. | OMDC use of force body diagram (Exhibit 4 to Carini Deposition) |
| 20. | Defendant Carini's criminal records regarding defendant's guilty plea to felony assault and battery charges, *The People v. Carini*; Case No. SCD272021 (P079-P104) |
| 21. | Defendant Carini's Preliminary Hearing Transcript dated September 20, 2017, *The People v. Carini*; Case No. SCD272021 (P105-P224) |
| 22. | Email to Assistant Warden Weaver from Facility Investigation Manager, R. Rivera Re "Allegation – OIG/DRIL hotline – CRCL (discrimination)" against Defendant Carini (CCDM001094-001095) |
| 23. | Email dated August 22, 2018 forwarded from Wiley (Manager, Human Resources) to B. Soria on September 19, 2018, regarding "Fitness Determination- Carini, Michael V. (2640) – Denial" (CCDM001170-001172) |
| 24. | CoreCivic Code of Ethics Handbook, Exhibit 8 to Carini Deposition |

14

| Expected Exhibits | Description |
|---|---|
| 25. | OMDC Detainee Handbook (English Version, August 2015) (CC-DM00013-00050) |
| 26. | CoreCivic's Response to Plaintiff's Interrogatory No. 17, stating "Defendant Carini is no longer employed by CoreCivic" dated November 13, 2018 (p. 3) |
| 27. | OMDC Time Detail Re Defendant Carini for March 16-23, 2016 (CC-DM001166) |
| 28. | OMDC Time Detail Re Defendant Carini for March 24-29, 2016 (CCDM000094) |
| 29. | OMDC Shift Rosters for March 16 – March 23, 2016 (CC-DM001150-001165) |
| 30. | OMDC Shift Rosters for March 24 – March 29, 2016 (CC-DM000001-0000012) |
| 31. | OMDC inspection photograph taken on August 30, 2018, depicting "Staff Dining" entrance and "Dining West Exit" from kitchen (CC-DM001143) |
| 32. | OMDC inspection photograph taken on August 30, 2018, depicting "Dining West Exit" from kitchen and corridor (CC-DM001144) |
| 33. | OMDC inspection photograph taken on August 30, 2018, depicting "Dining West Exit" from kitchen and corridor (CC-DM001145) |
| 34. | OMDC inspection photograph taken on August 30, 2018, depicting corridor wall opposite of kitchen entrance (CC-DM001146) |
| 35. | OMDC inspection photograph taken on August 30, 2018, depicting "Staff Dining" entrance and corridor (CC-DM001147) |
| 36. | OMDC inspection photograph taken on August 30, 2018, depicting "Dining East Exit" entrance and corridor (CC-DM001148) |
| 37. | OMDC inspection photograph taken on August 30, 2018, depicting "Staff Dining" entrance and "Dining East Exit" from kitchen (CC-DM001149) |
| 38. | OMDC Peformance Evaluations Re Defendant Carini for 2011, 2012, and 2017 (CC-DM001061-001067; and CC-DM001084-001087) |

15

| Expected Exhibits | Description |
|---|---|
| 39. | OMDC Policy Inmate/Resident Grievance Procedures, Policy 14-5, Facility Effective Date: September 1, 2015 (CC-DM000151-000167) |
| 40. | OMDC Grievance Log March 2016 (CC-DM001096) |
| 41. | Dr. Hsieh's Expert Report dated January 23, 2019 |
| 42. | Dr. Hsieh's Expert Rebuttal Report dated January 30, 2019 |
| 43. | Dr. Hsieh's C.V. |
| 44. | MRI – Manuel Dorador-Martinez, performed at Radiologico Avenzano, January 7, 2019 – Plaintiff to provide original |
| 45. | Diagram of male reproductive system (demonstrative) |
| 46. | Nick Zavras, Argyrios Siatelis, Evangelos Misiakos, George Bagias, Vassilios Papachristos, Anastasios Machairasa, Testicular Dislocation after Scrotal Trauma: A Case Report and Brief Literature Review.  Urology Case Reports (May 2014) |
| 47. | Muhammad Z. Aslam, MRCS, Ali Thwaini, MD, FRCS, and Subramaniam K. Sundaram, FRCS, Testicular dislocation: a rare consequence of blunt scrotal injury (June 2009) |
| 48. | Reeves County Detention Center Medical Evaluation dated June 22, 2016 (CC-DM001329-1330) |
| 49. | Federal Bureau of Prisons Intake Screening (Medical) dated June 22, 2016 (CC-DM001331-1335) |
| 50. | Reeves County Detention Center Provider Progress Notes/Orders dated July 1, 2016 (CC-DM001313) |
| 51. | Reeves County Detention Center Health Service Division Sick Call/Triage Services Form dated August 2, 2016 (CC-DM001359) |
| 52. | Reeves County Detention Center Provider Progress Notes/Orders dated August 25, 2016 (CC-DM001308) |
| 53. | Reeves County Detention Center Offsite Consultation Request dated August 25, 2016 (CC-DM001345) |
| 54. | Reeves County Detention Center Health Service Division Sick Call/Triage Services Form dated August 28, 2016 (CC-DM001357) |
| 55. | Reeves County Detention Center Provider Progress Notes/Orders dated September 15, 2016 (CC-DM001307) |
| 56. | Reeves County Detention Center Provider Progress Notes/Orders dated October 4, 2016 (CC-DM001304-001306) |

| Expected Exhibits | Description |
| --- | --- |
| 57. | Reeves County Detention Center Provider Progress Notes/Orders dated October 6, 2016 (CC-DM001303) |
| 58. | Reeves County Detention Center Offsite Consultation Request dated October 6, 2016 (CC-DM001336-1337) |
| 59. | Reeves County Hospital Final Radiology Report dated December 6, 2016 (CC-DM001342-1343) |
| 60. | Reeves County Hospital Ultrasound Testes CD (CC-DM001917) – Defendant to provide original |
| 61. | Reeves County Detention Center Provider Progress Notes/Orders dated December 7, 2016 (CC-DM001300) |

| Reserved Exhibits | Description |
| --- | --- |
| 62. | U.S. Department of Justice Federal Bureau of Prisons Letter dated November 13, 2018, regarding release of Plaintiff's medical records from October 2015 through early 2016 in response to Freedom of Information Act (FOIA) Request (P352) |
| 63. | April 17, 2018 email correspondence from Jomel O. Miciano, InGenesis, Medical Record Technician, ICE Health Service Corps (IHSC) (copying Capt. Deborah Schneider, USPHS Health Services Administrator) to Attorney Angela K. Zugman regarding Dorador-Martinez's OMDC medical records |
| 64. | Facsimile transmittal from Naresh Babu Davuluri, AH Health Information Management, to Attorney Gary Burcham regarding Dorador-Martinez's medical records from Alvarado Hospital Medical Center (P287-P288) |
| 65. | Declaration of Beverly Soria dated September 13, 2018, Docket No. 107-3 in *Estate of Gerardo Cruz-Sanchez, et al. v. U.S., et al.*, Case No.17-cv-00569-AJB-NLS (impeachment/rebuttal) |
| 66. | Declaration of Dennis Morris dated September 17, 2018, Docket No. 107-5 in *Estate of Gerardo Cruz-Sanchez, et al. v. U.S., et al.*, Case No.17-cv-00569-AJB-NLS (impeachment/rebuttal) |

17

| Reserved Exhibits | Description |
|---|---|
| 67. | Declaration of R. Rivera dated February 9, 2018, Docket No. 56-2 in *Estate of Gerardo Cruz-Sanchez, et al. v. U.S., et al.*, Case No.17-cv-00569-AJB-NLS (impeachment/rebuttal) |
| 68. | CCA Facility Employee Problem Solving Notices Re Defendant Carini (CC-DM001038-001045; CC-DM001092-1093) |
| 69. | Dr. Borhan's Initial Report |
| 70. | Dr. Borhan's Expert Rebuttal Report |
| 71. | Documents produced in response to Plaintiff's Subpoena Duces Tecum to Defendants' expert, Dr. Ali Borhan (Borhan01-018) |
| 72. | Dr. Borhan's invoices (to be produced by Defendants) |
| 73. | ~~Otay Mesa Detention Center video footage depicting pat-downs of unidentified male kitchen workers as performed in the normal course of maintaining a secure detention facility.~~ |
| 74. | Birth certificates for Plaintiff's two children (P347 and P348) |

18

**B.      Defendants' Exhibits[1]**

| Expected Exhibits No. | Description |
|---|---|
| 300. | Otay Mesa Detention Center Corridor 1 Logbook Pages dated March 16, 2016 through March 29, 2016 (CC-DM1485-1550) |
| 301. | Otay Mesa Detention Center Original Corridor 1 Logbook |
| 302. | Otay Mesa Detention Center Corridor 2 Logbook Pages dated March 16, 2016 through March 29, 2016 (CC-DM1439-1484) |
| 303. | Otay Mesa Detention Center Original Corridor 2 Logbook |
| 304. | Otay Mesa Detention Center Kitchen Duty Roster dated March 22, 2016 (CC-DM001575-1578) |
| 305. | Otay Mesa Detention Center Kitchen Duty Roster dated March 23, 2016 (CC-DM001579-1582) |
| 306. | Otay Mesa Detention Center Kitchen Duty Roster dated March 24, 2016 (CC-DM001587-1590) |
| 307. | Otay Mesa Detention Center Kitchen Duty Roster dated March 25, 2016 (CC-DM001591-1594) |
| 308. | Otay Mesa Detention Center Kitchen Duty Roster dated March 26, 2016 (CC-DM001595-1598) |
| 309. | Otay Mesa Detention Center Kitchen Duty Roster dated March 27, 2016 (CC-DM001599-1602) |
| 310. | Otay Mesa Detention Center Kitchen Duty Roster dated March 28, 2016 (CC-DM001603-1606) |
| 311. | Otay Mesa Detention Center Kitchen Duty Rosters dated March 29, 2016 through June 14, 2016 (CC-DM001607-001900 and CC-DM001900-001984) |
| 312. | Rule 1006 Litigation Summary – Kitchen Duty Rosters March 29, 2016 through June 14, 2016 |
| 313. | Otay Mesa Detention Center Post Order 108 – Corridor/Housing Zone, Effective September 1, 2015, and renewed on October 26, 2016 (CC-DM001439-1440) |

[1] Defendants' objections to Plaintiff's exhibits are set forth in their Amended Objections to Plaintiff's Designation of Deposition Testimony and List of Exhibits.

19

| Expected Exhibits No. | Description |
|---|---|
| 314. | Otay Mesa Detention Center Detainee Handbook (Spanish Version, August 2015) (CC-DM000051-000091) |
| 315. | Otay Mesa Detention Center Video Surveillance Footage of Pat-Downs as Performed in the Normal Course of Maintaining a Secure Detention Facility (CC-DM001985) |
| 316. | Otay Mesa Detention Center Inspection Photograph 2 taken on August 30, 2018, Marked Exhibit 1 to Deposition of Manuel Dorador-Martinez dated November 15, 2018 (CC-DM001144) |
| 317. | Otay Mesa Detention Center Facility Map (CC-DM001438) |
| 318. | Otay Mesa Detention Center Facility Map, Marked Exhibit 1 to Deposition of Manuel Dorador-Martinez dated November 15, 2018 |
| 319. | Otay Mesa Detention Center Employment Education & Training Record – Michael Carini dated January 1, 2016 - December 31, 2016 (CC-DM000137-138) |
| 320. | Otay Mesa Detention Center Inmate Information Sheet – Manuel Dorador-Martinez, printed on July 5, 2018 (CC-DM000092) |
| 321. | Otay Mesa Detention Center OMS Housing Assignment – Manuel Dorador-Martinez (CC-DM000093) |
| 322. | Alien Booking Record – Manuel Dorador-Martinez (CC-DM000244) |
| 323. | Department of Homeland Security Immigration Detainer – Manuel Dorador-Martinez (CC-DM000245) |
| 324. | Otay Mesa Detention Center Inmate/Detainee Commitment Summary (CC-DM000246-000247) |
| 325. | Otay Mesa Detention Center Acknowledgment of Inmate/Detainee Orientation Video and Handbook – Manuel Dorador-Martinez (CC-DM000255) |
| 326. | United States Marshals Service – USM-129 Individual Custody/Detention Report – Manuel Dorador-Martinez (CC-DM000260- 261) |
| 327. | Otay Mesa Detention Center Initial Internal Custody Classification (CC-DM000276-000281 |
| 328. | Otay Mesa Detention Center Request for Assistance by Manuel Dorador-Martinez dated January 23, 2016 (CC-DM000285) |

20

| Expected Exhibits No. | Description |
|---|---|
| 329. | Otay Mesa Detention Center Request for Assistance by Manuel Dorador-Martinez dated January 26, 2016 (CC-DM000284) |
| 330. | Otay Mesa Detention Center Request for Assistance by Manuel Dorador-Martinez dated February 1, 2016 (CC-DM000283) |
| 331. | Otay Mesa Detention Center Request for Assistance by Manuel Dorador-Martinez dated June 2, 2016 (CC-DM000282) |
| 332. | Otay Mesa Detention Center Request for Indigent Services by Manuel Dorador-Martinez with Response dated May 18, 2016 (CC-DM000286) |
| 333. | Otay Mesa Detention Center Request for Indigent Services by Manuel Dorador-Martinez with Response dated May 09, 2016 (CC-DM000287) |
| 334. | Otay Mesa Detention Center Detainee Voluntary Work Program Agreement dated March 3, 2016 (CC-DM000291) |
| 335. | Otay Mesa Detention Center Acknowledgment of Monitoring of Inmate/Detainee Telephone Calls (CC-DM000253) |
| 336. | Otay Mesa Detention Center Talton Communications Audio File List - Manuel Dorador-Martinez (CC-DM000139-000147) |
| 337. | Otay Mesa Detention Center Recorded Telephone Calls – Manuel Dorador-Martinez, dated March 22, 2019, Call No. 143 (CC-DM000612) |
| 338. | Certified Judgment In A Criminal Case, *United States of America v. Manuel Dorador-Martinez,* Docket No. 15CR02870-001-H (CC-DM001280-001283) |
| 339. | ICE – United States Public Health Services Medical Records (OMDC) – Manuel Dorador-Martinez (P001-P063) |
| 340. | Alvarado Hospital Medical Center Medical Records – Manuel Dorador–Martinez (CC-DM001173-1195) |
| 341. | Medical Ultrasound Films – Manuel Dorador-Martinez by Dr. Heriberto Valenzuela Badillo, Tijuana, B.C. C.P. (P349) – Original to be provided by Plaintiff |
| 342. | Medical Ultrasound Films – Manuel Dorador-Martinez performed at Vida Sana a/k/a Salud Digna (P350) – Original to be provided by Plaintiff |

PRETRIAL ORDER; 18-CV-0534-CAB (BGS)

| Expected Exhibits No. | Description |
|---|---|
| 343. | MRI Written Report – Manuel Dorador-Martinez, performed at Radiologico Avenzano, January 7, 2019 – Original to be Provided by Plaintiff |
| 344. | Reeves County Hospital Medical Records – Manuel Dorador-Martinez (CC-DM001908-1916). |
| 345. | Reeves County Detention Center Intake Screening (Medical) – Manuel Dorador-Martinez dated June 22, 2016 (CC-DM001413) |
| 346. | Reeves County Detention Center History and Physical Form undated (CC-DM001299) |
| 347. | Reeves County Detention Center Medical Record dated June 29, 2016 (CC-DM001314-001315) |
| 348. | Reeves County Detention Center Offsite Consultation Request dated August 25, 2016 (CC-DM001344-001345) |
| 349. | Reeves County Hospital Final Radiology Report dated September 15, 2016 (CC-DM001344) |
| 350. | Reeves County Detention Center Provider Progress Notes/Orders dated December 5, 2016 (CC-DM001302) |
| 351. | Reeves County Detention Center Medical Record dated December 6, 2016 (CC-DM001301) |
| 352. | Reeves County Detention Center Medication Reconciliation - July 2016 -September 2016 and December 2016 - March 2017 (CC-DM001322-1328) |
| 353. | Reeves County Detention Center Health Service Division Sick Call/Triage Services Form dated June 22, 2016 (CC-DM001360) |
| 354. | Reeves County Detention Center Health Service Division Sick Call/Triage Services Form dated August 10, 2016 (CC-DM001358) |
| 355. | Reeves County Detention Center Health Service Division Sick Call/Triage Services Form dated October 3, 2016 (CC-DM001356) |
| 356. | Federal Bureau of Prisons Authorization for Release of Medical Information dated December 19, 2016 (CC-DM001355) |
| 357. | Medical Summary of Federal Prisoner/Alien in Transit dated December 21, 2017 (CC-DM001296) |

22

| Expected Exhibits No. | Description |
|---|---|
| 358. | Reeves County Detention Center III Food Service Handler's Evaluation dated June 29, 2016 (CC-DM1317) |
| 359. | Reeves County Detention Center Physicians Network Association Medical Duty Status dated June 29, 2016 (CC-DM001350) |
| 360. | Affidavit of Josie Asuncion, Custodian of Records dated September 6, 2018 (CC-DM001196) |
| 361. | Western Region Detention Facility Subject Current ID Photo Profile – Manuel Dorador-Martinez (CC-DM001197) |
| 362. | Western Region Detention Facility Medical History and Physical Assessment – Manuel Dorador-Martinez dated October 31, 2015 (CC-DM001265-1268) |
| 363. | Email exchange between David Zugman and Kimberly Trimble from April 28, 2016, through April 29, 2016 (KST0028-0029) |
| 364. | Email exchange between David Zugman and Whitney Bernstein on June 4, 2018 (KST0042) |
| 365. | Email exchange between Angela Zugman and Kimberly Trimble dated October 8, 2018 (KST0064) |
| 366. | Federal Defenders of San Diego Case History Report – Manuel Dorador-Martinez (P075) |
| 367. | Curricula vitae of Ali Borhan, MD, FACS |
| 368. | All non-objectionable exhibits listed by Plaintiff. |

| Reserved Exhibit No. | Description |
|---|---|
| 369. | Otay Mesa Detention Recorded Telephone Calls - Manuel Dorador-Martinez (CC-DM000339-000699) |
| 370. | Transcription of Manuel Dorador-Martinez's phone calls to be utilized at trial. |
| 371. | Otay Mesa Detention Center Detainee Orientation Video utilized in February 2016 (CC-DM000338) |
| 372. | Otay Mesa Detention Center Personnel File of DO Carini (CC-DM000863- 001093) |

23

| Reserved Exhibit No. | Description |
|---|---|
| 373. | Otay Mesa Detention Center Detention File – Manuel Dorador-Martinez (CC-DM000244-000292) |
| 374. | Federal Bureau of Prisons File of Manuel Dorador-Martinez received in response to Defendants' Subpoena Duces Tecum (CC-DM001277-1437) |
| 375. | Western Regional Detention Center Detainee File of Manuel Dorador-Martinez (CC-DM001196-1273) |
| 376. | Email exchange with attachments between Angela Zugman and Dr. Hsieh from June 12, 2018 through August 20, 2018 (Hsieh0001-0012) |
| 377. | Email exchange with attachments between Angela Zugman and Dr. Hsieh from August 29, 2018 through January 11, 2019 (Hsieh0015-0019; 0021-0032; and 34-39) |
| 378. | Email exchange with attachments between Angela Zugman and Dr. Hsieh from January 16, 2019 through February 11, 2019 (Hsieh0040-0045) |
| 379. | Plaintiff's Responses and Supplemental Responses to CoreCivic's First and Second Interrogatories |
| 380. | Plaintiff's Responses and Supplemental Responses to Carini's First and Second Interrogatories |
| 381. | Plaintiff's Responses and Supplemental Responses to CoreCivic's First Request for Admission |
| 382. | Plaintiff's Responses and Supplemental Responses to Carini's First and Second Request for Admission |
| 383. | Affidavit of Josie Asuncion, Custodian of Records dated September 6, 2018 (CC-DM001196) |
| 384. | Federal Bureau of Prisons File Determination Letter dated November 1, 2018, as received with documents Bates CC-DM001277-001437 (CC-DM001986-001987) |

The parties have stipulated to the authenticity of CoreCivic's business records and Plaintiff's in-custody medical records.

24

# V.

## STIPULATED FACTS

The following facts are admitted and require no proof.

1.      This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332(a)(2) (Diversity).

2.      With respect to the claims stated herein based upon state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper pursuant to Title 28 U.S.C. §§ 1391(b).

4.      Plaintiff Manuel Dorador-Martinez is a citizen of the Republic of Mexico.

5.      OMDC is owned and operated by CoreCivic, Inc. ("CoreCivic"), formally known as Corrections Corporation of America ("CCA), pursuant to a correctional services contract with the federal government.

6.      At all times relevant to Plaintiff's Complaint, Defendant Carini was employed by Defendant CoreCivic as a Detention Officer.

7.      As part of his duties as a Detention Officer, Defendant Carini at times performed pat-down searches of detainees housed at OMDC.

8.      On October 18, 2015, Manuel Dorador-Martinez applied for admission into the United States of America, from Mexico, through the San Ysidro, California, Port of Entry (POE).

9.      Subsequent to his arrest, Plaintiff was housed at Metropolitan Correctional Center – San Diego from the time of his arrest until October 30, 2015.

10.      On October 30, 2015, Plaintiff was transferred to Western Region Detention Facility in San Diego.

11.      On Janury 14, 2016, Plaintiff was transferred to Otay Mesa Detention Center ("OMDC") where he was housed until June 16, 2016, pending the disposition in his federal criminal case.

25

12. On March 3, 2016, Plaintiff entered into a Detainee Voluntary Work Program Agreement to work in the Kitchen at OMDC.

13. On June 6, 2016, the Court sentenced Manuel Dorador-Martinez to 30 months, plus three years of supervised release.

14. Plaintiff's criminal sentence was reduced by 16 months following the alleged assault he suffered while at OMDC.

The attorneys anticipate reaching additional stipulations before trial including the authentication and/or admissibility of relevant exhibits.

## VI.

## DEPOSITION TRANSCRIPTS TO BE OFFERED AT TRIAL

**A.     Plaintiff's Designation of Deposition Transcripts (synced with video)**

1. D. Landin: page 21, lines 3-25 (regarding scheduling of daily shifts and schedule changes).

2. Dr. James Fawcett: page 28, line 6 through page 32, line 4 (regarding Plaintiff reporting being struck by guard).

Pursuant to FRCP Rule 32(a), Plaintiff  reserves the right to designate the deposition transcripts of any other witnesses deposed in this matter if they are unavailable at the time of trial or for potential impeachment purposes.

**B.     Defendants' Designation of Deposition Transcripts (synced with video)**

**<u>Dr. James Fawcett</u>**

1. Page 6, lines 3-5 (witness sworn in).

2. Page 10, line 10 through page 11, line 22 (work history and hospital affilation with Alvarado Hospital Medical Center).

3. Page 11, line 23 through page 12, line 23 (purpose of the deposition and identification of Plaintiff).

4. Page 12, line 24 through page 16, line 3 (discussion of May 6, 2016 exam of Plaintiff and uncircumcision).

26

5.    Page 16, line 4 through page 18, line 1 (opinions given to a reasonable degree of medical probability and C.V.)

6.    Page 18, lines 2-12 (out of line to tell Plaintiff to sue Defendant Carini).

7.    Page 18, line 13 through page 19, line 11 (discussion regarding infertility).

8.    Page 21, line 16 through page 23, line 8 and lines 10-24 (inaccuracy of records).

9.    Page 25 lines 7-19;  Page 25, line 21 through  page 26, line 11, lines 13-16; and lines 18-23; and page 26, line 25 through page 27, line 6, and lines 8-12 (cause of Plaintiff's condition).

10.    Page 30, lines 14-15, line 17, and page 30 line 20 through page 31, line 11 (physical impossibility of Plaintiff's condition being the result the patdown).

11.    Page 32, line 10 through page 35, line 6  (physical events that can cause a traumatic injury).

12.    Page 36, lines 4-6 and 8-11 (would surprise Dr. Fawcett if Plaintiff were circumcised, but wouldn't change his opinion about accuracy of records).

**Manuel Dorador-Martinez**

1.    Page 6, line 4 through page 7, line 1 (swearing in interpreter and witness).

2.    Page 16, lines 2-4 (arrest due to possession of drugs).

3.    Page 27, line 11 through page 28, line 11 (taking ring from mistress to give it to Miriam and her lack of knowledge regarding same).

4.    Page 28, line 24 through page 29, line 18 (after arrest was taken first to MCC and then a GEO facility).

5.    Page 35, line 6 through page 36, line 11 (saw medical prior to incident for chest pain because of stress from being arrested to issues at home).

27

6.      Page 36, line 12 through page 37, line 9 (signed up to the voluntary work program for phone money and wanted to work in the kitchen).

7.      Page 40, line 18 through page 41, line 1 (working as a cook at CCA).

8.      Page 41, line 22 through page 45, line 4 (area where the alledged incident occurred).

9.      Page 45, line 9 through page 48, line 6 (events leading up to and the subject search).

10.     Page 48, line 19 through page 49, line 24 (events leading up to and the subject search and report of the incident to Mr. Romero).

11.     Page 50, line 9 through page 51, line 18 (details of the subject incident with a demonstration of the alleged act and subsequent events).

12.     Page 53, lines 13-21 and page 54, lines 6-10 (details regarding the events subsequent to the alleged incident).

13.     Page 54, line 18 through page 55, line 16 (location of the subject incident and Plaintiff's return to the housing unit).

14.     Page 57, lines 19 through page 58, line 4 (return to the housing unit and Plaintiff's self-examination).

15.     Page 58, line 16 through page 59, line 7 (medical attention sought by Plaintiff).

16.     Page 62, line 25 through page 63, line 20 (saw medical regarding testical pain; out to hospital).

17.     Page 64, lines 16-19 and page 64 line 24 through page 65, line (felt both testicles the day Defendant Carini allegedly hit him).

18.     Page 87, line 11 through page 90, line 1 (how he has been effected by the pain).

19.     Page 90, line 2 through page 91, line 5 (no doctor has told him he will not be able to have children becouse of what happened to his testicle).

28

20.     Page 92, lines 7-9 (pain injections).

21.     Page 92, line 23 through page 93, line 1 (judge gave lighter sentence because of what laywer told judge about Officer Carini).

22.     Page 93, lines 15-18 (effect of alleged incident on Plaintiff's criminal case).

23.     Page 95, lines 8-11 (lack of medical treatment at Texas facility).

**Miriam Adriana Padilla Valdovinos**

1.     Page 6, lines 2-22 (swearing in of witness and interpreter).

2.     Page 9, line 11 through page 10, line 18 (relationship with Plaintiff).

3.     Page 10, line 19 through page 11, line 16 (Plaintiff's employment).

4.     Page 11, line 17 through page 12, line 16 (changes in Plaintiff and their relationship since returning from prison).

5.     Page 13, line 18 through page 14, line 14  (knowledge of reason for and Plaintiff's arrest).

6.     Paage 14, lines 15-25 (contact with Plaintiff during his incarceration).

7.     Page 16, line 9 through page 18, line 23 (knowledge regarding Plaintiff's intent for crossing the border, his arrest for and use of drugs).

8.     Page 18, line 24 through page Page 21, line 5 (business owned by Plaintiff at the time of his arrest and the current state and ownership of the business).

9.     Page 21, line 16 through page 22, line 8 (Plaintiff's disclosure to her regarding the incident and who she could and could share the information with).

10.     Page 22, line 9 through page 24, line 16 (conversations with Plaintiff regarding the subject lawsuit and proceeds from same).

11.     Page 24, line 17 through page 25, line 24 (relationship with Plaintiff).

12.     Page 25, line 25 through page 26, line 17 (effects of injury on Plaintiff and medical visits and treatment sought by Plaintiff).

29

13.    Page 26, line 18 through page 27, line 15 (understanding of type of injury suffered by Plaintiff).

14.    Page 28, line 6 through page 29, line 6 (effects of injury on Plaintiff).

Pursuant to FRCP Rule 32(a), Defendants reserve the right to designate the deposition transcripts of any other witnesses deposed in this matter if they are unavailable at the time of trial or for potential impeachment purposes.

## VII.

## OBJECTIONS TO PRETRIAL DISCLOSURES

**Plaintiff's Objections to Defendants' Objections:**

Plaintiff objects to Defendants' numerous evidentiary objections on the grounds that they are without merit, do not promote judicial economy, and were improperly incorporated into this Pretrial Order and separately filed with the Court (Doc. Nos. 60 and 61).[2] In addition, Plaintiff disclosed all witnesses and exhibits in his prior disclosure statements which were served upon Defendants.

During the meet and confer on June 7, 2019, the attorneys also discussed reaching additional stipulations before trial including the authentication of Plaintiff's in-custody medical records.

**I.    Defendants' Objections to Testimony of the following Witnesses Listed by Plaintiff**

| Witness | Objection |
|---------|-----------|
| Alexis Moreno | Fed. R. Civ. P. 26 (inadequate disclosure of witness and testimony) |
| Raul Bernal | Fed. R. Civ. P. 26 (inadequate disclosure of witness and testimony) |

[2] See also the Court's Order on Defendants' Motion for Summary Judgment [Doc. No. 45] and Defendants' Motion to Exclude Expert [Doc. No. 46] issued on May 23, 2019 (Doc. No. 54).

30

| Witness | Objection |
|---|---|
| Angelica Hernandez | Foundation, Hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), Fed. R. Civ. P. 26 (non-disclosure of witness or testimony) |
| Michael V. Carini | Foundation, hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), 404 (improper character evidence) |
| Beverly Soria | Foundation, hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), 404 (improper character evidence) |
| Rupert Rivera | Foundation, hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), 404 (improper character evidence) |
| L. Valbuena | Foundation, hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), Fed. R. Civ. P. 26 (non-disclosure of witness or testimony) |
| Fred Figueroa, Warden | Foundation, hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), Fed. R. Civ. P. 26 (non-disclosure of witness or testimony). |

PRETRIAL ORDER; 18-CV-0534-CAB (BGS)

| Witness | Objection |
|---|---|
| D. Landin | Foundation, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), Fed. R. Civ. P. 26 (non-disclosure of witness or testimony); not appropriate pursuant to Fed. R. Civ. P. 32(a)(1) through (8). |
| Whitney Bernstein | Hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative) |
| Kimberly Trimble | Hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative) |
| Mark Owens | Hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), Fed. R. Civ. P. 26 (inadequate disclosure of witness and testimony) |
| Jack Kairy | Hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), Fed. R. Civ. P. 26 (inadequate disclosure of witness and testimony) |

## II.   Defendants' Objections to Designation of Those Witnesses Whose Deposition Testimony Plaintiff Expects to Offer at Trial:

| Witness | Objection |
|---|---|
| Video deposition and transcript of D. Landin | Foundation, hearsay, speculation, Fed. R. Civ. P. 26 (non-disclosure of witness or testimony), 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, |

32

| Witness | Objection |
|---|---|
|  | misleading the jury, undue delay, wasting time, cumulative), 602 (lack of personal knowledge), not appropriate pursuant to Fed. R. Civ. P. 32(a)(1) through (8) |
| Video deposition and transcript of Dr. James Fawcett - page 28, line 6 through page 32, line 4 | No objection |

**III.   Defendants' Objections to Exhibits Identified by Plaintiff Under Rule 26(a)(3)(A)(ii)**

**A.      Exhibits Plaintiff Expects to Offer:**

| Exhibit No. | Description | Objection |
|---|---|---|
| 1. | Whitney Bernstein's handwritten notes regarding her April 5, 2016 visit with Dorador-Martinez at OMDC (P225-P226) | Foundation, hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative) |
| 2. | Dorador-Martinez Case History Report – Attorney Timekeeping Entries for timeframe January 28, 2016 through April 13, 2016 (P073) | Foundation, hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative) |
| 3. | Kimberly Trimble handwritten notes regarding her April 13, 2016 visit with Dorador-Martinez at OMDC (P076) | Foundation, hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative) |

33

| Exhibit No. | Description | Objection |
|---|---|---|
| 4. | Addendum to the Presentence Report "In the Matter of Manuel DORADOR Martinez" Docket No. 15CR02870-001 (P078) | Foundation, hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), 404 (improper character evidence), 902 (not authenticated, public record not certified) |
| 5. | June 22, 2016 email from Angelica Hernandez to Kimberly Trimble regarding call from Dorador-Martinez (P227) | Hearsay, Fed. R. Civ. P. 26 (non-disclosure of witness Angelica Hernandez), 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative) |
| 6. | Dorador-Martinez's Medical Records from Metropolitan Correction Center San Diego ("MCC") Bureau of Prisons Health Services in October 2015 (P228-P257) | Untimely under Rule 26(a)(3) and Court's Scheduling Order (Dkt. 20); foundation. |
| 7. | Western Regional Detention Center Detainee File Dorador (CC-DM001196-001273) | No objection |
| 8. | Dorador-Martinez's medical records from OMDC date range January 14, 2016 through March 22, 2016 (P029-P053) | No objection |
| 9. | Dorador-Martinez's medical records from OMDC date range March 28, 2016 through June 16, 2016 (P001-P028) | No objection |
| 10. | Dorador-Martinez's Transportation Trip Ticket from OMDC to Alvarado Hospital E.R. on March 29, 2016 (CC-DM000148) | No objection |
| 11. | Plaintiff's medical records from Alvarado Hospital Medical Center dated March 29, 2016 (P289-P302) | No objection |

| Exhibit No. | Description | Objection |
|---|---|---|
| 12. | Alvarado Hospital Medical Center Radiology Department – Plaintiff's Ultrasound Testis dated March 29, 2016 | No Objection |
| 13. | Plaintiff's medical records from Alvarado Hospital Medical Center dated May 6, 2016 (P305-P306) | No objection |
| 14. | Dorador-Martinez's pink copy of Grievance Form (P064) | Foundation, hearsay, authenticity |
| 15. | Dorador-Martinez's pink copy of Request for Assistance form dated April 16, 2016 (P065) | Foundation, hearsay |
| 16. | Sample OMDC Grievance Form for detainees/inmates (CC-DM001274-1276) – Defendants to provide original | No Objection |
| 17. | OMDC Visitation Record for Dorador-Martinez timeframe January through May 2016 (CC-DM000293) | 402 (not admissible because it is irrelevant) |
| 18. | Defendant Carini CV (CC-DM00840) | 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative) |
| 19. | OMDC use of force body diagram (Exhibit 4 to Carini Deposition) | 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), Fed. R. Civ. P. 26 (non-disclosure of exhibit) |
| 20. | Defendant Carini's criminal records regarding defendant's guilty plea to felony assault and battery charges, *The People v. Carini*; Case No. SCD272021 (P079-P104) | Foundation, hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), 404 (improper character evidence), 902 (not authenticated, public record not certified) |

35

| Exhibit No. | Description | Objection |
|---|---|---|
| 21. | Defendant Carini's Preliminary Hearing Transcript dated September 20, 2017, *The People v. Carini*; Case No. SCD272021 (P105-P224) | Foundation, hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), 404 (improper character evidence), 902 (not authenticated, public record not certified) |
| 22. | Email to Assistant Warden Weaver from Facility Investigation Manager, R. Rivera Re "Allegation – OIG/DRIL hotline – CRCL (discrimination)" against Defendant Carini (CCDM001094-001095) | Foundation, hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), 404 (improper character evidence) |
| 23. | Email dated August 22, 2018 forwarded from Wiley (Manager, Human Resources) to B. Soria on September 19, 2018, regarding "Fitness Determination- Carini, Michael V. (2640) – Denial" (CCDM001170-001172) | Foundation, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), 404 (improper character evidence) |
| 24. | CoreCivic Code of Ethics Handbook, Exhibit 8 to Carini Deposition | 402 (not admissible because it is irrelevant), Fed. R. Civ. P. 26 (non-disclosure of exhibit) |
| 25. | OMDC Detainee Handbook (English Version, August 2015) (CC-DM00013-00050) | No objection |
| 26. | CoreCivic's Response to Plaintiff's Interrogatory No. 17, stating "Defendant Carini is no longer employed by CoreCivic" dated November 13, 2018 (p. 3) | 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative) |
| 27. | OMDC Time Detail Re Defendant Carini for March 16-23, 2016 (CC-DM001166) | No objection |
| 28. | OMDC Time Detail Re Defendant Carini for March 24-29, 2016 (CCDM000094) | No objection |

36

| Exhibit No. | Description | Objection |
|---|---|---|
| 29. | OMDC Shift Rosters for March 16 – March 23, 2016 (CC-DM001150-001165) | No objection |
| 30. | OMDC Shift Rosters for March 24 – March 29, 2016 (CC-DM000001-0000012) | No objection |
| 31. | OMDC inspection photograph taken on August 30, 2018, depicting "Staff Dining" entrance and "Dining West Exit" from kitchen (CC-DM001143) | No objection |
| 32. | OMDC inspection photograph taken on August 30, 2018, depicting "Dining West Exit" from kitchen and corridor (CC-DM001144) | No objection |
| 33. | OMDC inspection photograph taken on August 30, 2018, depicting "Dining West Exit" from kitchen and corridor (CC-DM001145) | No objection |
| 34. | OMDC inspection photograph taken on August 30, 2018, depicting corridor wall opposite of kitchen entrance (CC-DM001146) | No objection |
| 35. | OMDC inspection photograph taken on August 30, 2018, depicting "Staff Dining" entrance and corridor (CC-DM001147) | No objection |
| 36. | OMDC inspection photograph taken on August 30, 2018, depicting "Dining East Exit" entrance and corridor (CC-DM001148) | No objection |
| 37. | OMDC inspection photograph taken on August 30, 2018, depicting "Staff Dining" entrance and "Dining East Exit" from kitchen (CC-DM001149) | No objection |
| 38. | OMDC Peformance Evaluations Re Defendant Carini for 2011, 2012, and 2017 (CC-DM001061-001067; and CC-DM001084-001087) | Foundation, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), 404 (improper character evidence) |

37

| Exhibit No. | Description | Objection |
|---|---|---|
| 39. | OMDC Policy Inmate/Resident Grievance Procedures, Policy 14-5, Facility Effective Date: September 1, 2015 (CC-DM000151-000167) | No objection |
| 40. | OMDC Grievance Log March 2016 (CC-DM001096) | No objection |
| 41. | Dr. Hsieh's Expert Report dated January 23, 2019 | Foundation, no authentication, hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), 404 (improper character evidence). 702 (not reliable, irrelevant) |
| 42. | Dr. Hsieh's Expert Rebuttal Report dated January 30, 2019 | Foundation, no authentication, hearsay, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), 404 (improper character evidence). 702 (not reliable, irrelevant) |
| 43. | Dr. Hsieh's C.V. | Foundation, hearsay |
| 44. | MRI – Manuel Dorador-Martinez, performed at Radiologico Avenzano, January 7, 2019 – Plaintiff to provide original | 106 (Incomplete excerpt from a larger document) |
| 45. | Diagram of male reproductive system (demonstrative) | Untimely under Rule 26(a)(3) and Court's Scheduling Order (Dkt. 20) |
| 46. | Nick Zavras, Argyrios Siatelis, Evangelos Misiakos, George Bagias, Vassilios Papachristos, Anastasios Machairasa, Testicular Dislocation after Scrotal Trauma: A Case Report and Brief Literature Review. Urology Case Reports (May 2014) | Foundation, hearsay, no authentication, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative) |

38

| Exhibit No. | Description | Objection |
|---|---|---|
| 47. | Muhammad Z. Aslam, MRCS, Ali Thwaini, MD, FRCS, and Subramaniam K. Sundaram, FRCS, Testicular dislocation: a rare consequence of blunt scrotal injury (June 2009) | Foundation, hearsay, no authentication, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative) |
| 48. | Reeves County Detention Center Medical Evaluation dated June 22, 2016 (CC-DM001329-1330) | No objection |
| 49. | Federal Bureau of Prisons Intake Screening (Medical) dated June 22, 2016 (CC-DM001331-1335) | No objection |
| 50. | Reeves County Detention Center Provider Progress Notes/Orders dated July 1, 2016 (CC-DM001313) | No objection |
| 51. | Reeves County Detention Center Health Service Division Sick Call/Triage Services Form dated August 2, 2016 (CC-DM001359) | No objection |
| 52. | Reeves County Detention Center Provider Progress Notes/Orders dated August 25, 2016 (CC-DM001308) | No objection |
| 53. | Reeves County Detention Center Offsite Consultation Request dated August 25, 2016 (CC-DM001345) | No objection |
| 54. | Reeves County Detention Center Health Service Division Sick Call/Triage Services Form dated August 28, 2016 (CC-DM001357) | No objection |
| 55. | Reeves County Detention Center Provider Progress Notes/Orders dated September 15, 2016 (CC-DM001307) | No objection |
| 56. | Reeves County Detention Center Provider Progress Notes/Orders dated October 4, 2016 (CC-DM001304-001306) | No objection |

39

| Exhibit No. | Description | Objection |
|---|---|---|
| 57. | Reeves County Detention Center Provider Progress Notes/Orders dated October 6, 2016 (CC-DM001303) | No objection. |
| 58. | Reeves County Detention Center Offsite Consultation Request dated October 6, 2016 (CC-DM001336-1337) | No objection |
| 59. | Reeves County Hospital Final Radiology Report dated December 6, 2016 (CC-DM001342-1343) | No objection |
| 60. | Reeves County Hospital Ultrasound Testes CD (CC-DM001917) | No Objection |
| 61. | Reeves County Detention Center Provider Progress Notes/Orders dated December 7, 2016 (CC-DM001300) | No Objection |

**B.     Exhibits Plaintiff May Offer if the Need Arises:**

| Exhibit No. | Description | Objection |
|---|---|---|
| 62. | U.S. Department of Justice Federal Bureau of Prisons Letter dated November 13, 2018, regarding release of Plaintiff's medical records from October 2015 through early 2016 in response to Freedom of Information Act (FOIA) Request (P352) | Untimely under Rule 26(a)(3) and Court's Scheduling Order (Dkt. 20 |
| 63. | April 17, 2018 email correspondence from Jomel O. Miciano, InGenesis, Medical Record Technician, ICE Health Service Corps (IHSC) (copying Capt. Deborah Schneider, USPHS Health Services Administrator) to Attorney Angela K. Zugman regarding Dorador-Martinez's OMDC medical records | Untimely under Rule 26(a)(3) and Court's Scheduling Order (Dkt. 20 |

40

| Exhibit No. | Description | Objection |
|---|---|---|
| 64. | Facsimile transmittal from Naresh Babu Davuluri, AH Health Information Management, to Attorney Gary Burcham regarding Dorador-Martinez's medical records from Alvarado Hospital Medical Center (P287-P288) | Untimely under Rule 26(a)(3) and Court's Scheduling Order (Dkt. 20) |
| 65. | Declaration of Beverly Soria dated September 13, 2018, Docket No. 107-3 in *Estate of Gerardo Cruz-Sanchez, et al. v. U.S., et al.*, Case No.17-cv-00569-AJB-NLS (impeachment/rebuttal) | Foundation, hearsay, Fed. R. Civ. P. 26 (non-disclosure of exhibit), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative) |
| 66. | Declaration of Dennis Morris dated September 17, 2018, Docket No. 107-5 in *Estate of Gerardo Cruz-Sanchez, et al. v. U.S., et al.*, Case No.17-cv-00569-AJB-NLS (impeachment/rebuttal) | Untimely under Rule 26(a)(3) and Court's Scheduling Order (Dkt. 20), Foundation, hearsay, Fed. R. Civ. P. 26 (non-disclosure of exhibit), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative) |
| 67. | Declaration of R. Rivera dated February 9, 2018, Docket No. 56-2 in *Estate of Gerardo Cruz-Sanchez, et al. v. U.S., et al.*, Case No.17-cv-00569-AJB-NLS (impeachment/rebuttal) | Untimely under Rule 26(a)(3) and Court's Scheduling Order (Dkt. 20), Foundation, hearsay, Fed. R. Civ. P. 26 (non-disclosure of exhibit), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative) |
| 68. | CCA Facility Employee Problem Solving Notices Re Defendant Carini (CC-DM001038-001045; CC-DM001092-1093) | Foundation, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative), 404 (improper character evidence) |
| 69. | Dr. Borhan's Initial Report | No objection |
| 70. | Dr. Borhan's Expert Rebuttal Report | No objection |
| 71. | Documents produced in response to Plaintiff's Subpoena Duces Tecum to Defendants' expert, Dr. Ali Borhan (Borhan01-018) | No objection |

41

| Exhibit No. | Description | Objection |
|---|---|---|
| 72. | Dr. Borhan's invoices (to be produced by Defendants) | No objection |
| 73. | Otay Mesa Detention Center video footage depicting pat-downs of unidentified male kitchen workers as performed in the normal course of maintaining a secure detention facility | No objection |
| 74. | Birth certificates for Plaintiff's two children (P347 and P348) | Foundation, 402 (not admissible because it is irrelevant), 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, cumulative) |

**IT IS SO ORDERED.**

Dated:  June 28, 2019

_____

Hon. Cathy Ann Bencivengo
United States District Judge

42