UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL DORADOR-MARTINEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>CORECIVIC INC.; DO CARINI,<br><br>                              Defendants. | Case No.:  18-CV-534-CAB-BGS<br><br>**ORDER SETTING TRIAL AND PRETRIAL DATES AND PROCEDURES** |

On June 28, 2019, a pretrial conference was held in this matter.  David J. Zugman, Esq., appeared on behalf of Plaintiff Manuel Dorador-Martinez.  Daniel P. Struck, Esq., appeared on behalf of Defendants CoreCivic Inc. and D.O. Carini.  After consulting with Plaintiff's and Defendants' counsel, and for good cause appearing, **IT IS HEREBY ORDERED**:

## TRIAL AND PRETRIAL DATES

**1.  Trial Date.**  A jury trial in this action shall commence on **August 12, 2019**, at 8:45 a.m. in Courtroom 4-C, and shall continue through **August 15, 2019**, if necessary and within the time limits imposed.

**2.  Time Limits.**  To promote the efficient administration of justice, provide for an orderly presentation of the evidence, and accommodate the parties' time estimates and the

1

Court's schedule, the Court orders reasonable time limits of **8** hours per side,[1] including opening statements and closing arguments. The Court will exercise its discretion as to whether time should be deducted from a side's time limits due to counsel's failure to state objections concisely in a nonargumentative and nonsuggestive manner. The Courtroom Deputy Clerk will provide a summary of the time used at the conclusion of each trial day.

**PREPARATION FOR JURY TRIAL**

## I.    MOTIONS, STIPULATIONS, EXHIBITS AND WITNESSES.

Unless stated otherwise, the below instructions are intended only to supplement and clarify the trial preparation procedure set forth by the Local Rules of this Court. To the extent a matter is not addressed below, the parties are advised to follow the Local Rules.

**A.  Motions in Limine:** All motions in limine shall be filed and served no later than **July 12, 2019**. All oppositions shall be filed and served no later than **July 19, 2019**. No reply documents need be filed. A hearing with regard to such motions shall be held on **July 26, 2019**, at 3:00 p.m.

Prior to filing any motions in limine, however, the parties are required to meet and confer in an attempt to resolve their dispute. If the parties are unable to resolve their differences, counsel filing the motion in limine shall attach a declaration documenting the parties' meet and confer efforts and the reason for their unsuccessful efforts. Parties are encouraged to be selective with their motions in limine and not file mundane or unnecessary motions.

**B.  Stipulations:** Stipulations and agreements must be reduced to writing so they can be read into the record. All facts which are not contested must be listed in a form suitable to read to the jury. These must be submitted 7 days before trial, on **August 5, 2019**.

---

[1] At the pretrial conference the Court erroneously indicated that each side would have 15 hours, but that is the total time allotted.

**C.  Objections to Exhibits and Witnesses:** The parties must lodge their respective revised witness lists and a joint exhibit list (concisely listing any objections) no later than **July 12, 2019**.  With the exception of objections to exhibits intended to be used during opening statements, all objections shall be reserved for trial.  That the parties agree certain exhibits are admissible does not mean that they are or will be admitted.  In other words, the parties are not relieved from properly admitting exhibits into evidence.

The parties shall exchange deposition testimony designations by **July 12, 2019**, and counter-designations and objections to the other side's designations by **July 19, 2019**.

Prior to filing any objections to exhibits and witnesses, however, the parties are required to meet and confer in an attempt to resolve their dispute.  If the parties are unable to resolve their differences, the party filing the objection to the exhibit or witness shall attach a declaration documenting the parties' meet and confer efforts and the reason for their unsuccessful efforts.

## II.    JURY INSTRUCTIONS, SPECIAL VERDICT FORMS, VOIR DIRE, AND JOINT STATEMENT

This section modifies and supplements the procedure and deadlines set forth by Local Rule 16.1.f.9.b.

**A.   Jury Instructions and Special Verdict Forms:** The parties must meet and confer in person on by telephone to reach an agreement on proposed jury instructions and/or verdict forms.

On or before **August 5, 2019**, Plaintiff (on behalf of the parties) shall submit to the Court a JOINT, complete set of substantive law jury instructions and verdict forms.  This JOINT submission shall be one document, which is organized in two parts as follows: (1) the agreed upon set of JOINT jury instructions on substantive law and verdict forms; and (2) the separate set of any substantive instructions and/or verdict form they propose to which there is an objection.

Each requested substantive jury instruction and/or verdict form shall be set forth in full; be on a separate page; be numbered; cover only one subject or principle of law; not

repeat principles of law contained in any other requested instructions; and cite the authority for a source of the requested instruction.  Each instruction shall have a heading at the top of the page that reads: "COURT'S INSTRUCTION NUMBER ___."  The Court will fill in the applicable number at a later date.

When the parties disagree on an instruction or verdict form, the party opposing the instruction must draft a short statement (no longer than one paragraph) to be incorporated in the JOINT submission that supports the objection and any alternative instruction, with citation to any relevant authorities.  Each statement should be on a separate page and should follow directly after the disputed instruction.

Plaintiff shall also submit (on behalf of the parties) an agreed upon JOINT index that sets forth the order that the instructions are to be submitted to the jury.  The index page shall succinctly indicate the following: (1) the number of the instruction; (2) a brief title of the instruction; (3) the source of the instruction and any relevant case citation; and (4) the page number for the instruction in the parties' JOINT submission of substantive law jury instructions and verdict forms.

Submissions to the Court must be delivered to Chambers in hard copy AND in editable form (preferably WordPerfect) by email to efile_bencivengo@casd.uscourts.gov

The Court directs counsel to use the instructions from the *Manual of Model Jury Instructions for the Ninth Circuit*, where applicable.  Where California law applies and the Ninth Circuit instructions are not applicable, the Court prefers the parties to use the California Jury Instructions in *CACI* first, and in *BAJI* second.

Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

**The schedule of instructions is as follows:**  The jury is, to some extent, preinstructed by the Court from the most recent version of the 9TH CIR. CIVIL JURY INSTR. 1.1 through 1.19, inclusive, as appropriate to the case.  During the course of the trial, additional instructions will be given as necessary from the most recent version of the

9TH CIR. CIVIL JURY INSTR. 2.1 through 2.14, inclusive.  After all parties have rested, and before final argument, the Court will instruct the jury with regard to all the applicable law.  The Court will, absent objection, instruct the jury with the General Instructions from the most recent version of the 9TH CIR. CIVIL JURY INSTR 3.1 through 3.3, inclusive and as appropriate to the case.

Generally, the Court will use 9TH CIR. CIVIL JURY INSTR. 1.1B, 1.2, 1.3, 1.6, 1.7, 1.9, 1.10, 1.11, 2.11, 1.18, 1.13, 1.14, 1.12 and 1.19 to preinstruct the jury, as well as 3.4, 3.1, 3.2 and 3.3 after closing.  The parties need not include these instructions in their submissions.  Counsel are responsible for substantive law instructions including Burden of Proof.  Written instructions are provided for the jury upon retiring for deliberation and may be provided during the reading of the instructions by the Court.

**B.  Voir Dire:**  On or before **August 5, 2019**, Counsel may, but need not, submit brief proposed voir dire questions for the jury.  The Court will conduct its own voir dire after considering any proposed voir dire submitted by the parties.  Counsel will be allotted **15 minutes** per side for voir dire.

**C.  Joint Statement:** On or before **August 5, 2019**, Counsel shall submit a joint description of the case to be read to the jury.

**III.    TRIAL EXHIBITS**

All trial exhibits should be numbered sequentially and pages within each exhibit must be numbered consecutively.  No letters shall be used.  Exhibit stickers may be obtained from the Intake Window of the Clerk's Office.  All questions regarding trial exhibits should be directed to the Courtroom Deputy at 619-557-6901.  The parties are advised to contact the Courtroom Deputy prior to numbering their exhibits.

Exhibits are to be placed in three-ring binders separated by tabs and containing an index.  Counsel shall submit to the Court an original and two copies of the binders.  The binders must be submitted no later than the first day of trial or, if possible, one court day before the first day of trial.

Each party must keep his own list of exhibits and should keep track when each has been admitted into evidence. The Courtroom Deputy will have the official exhibit list. Once an exhibit is admitted, it is the property of the Court and must remain in the Courtroom, unless otherwise ordered by the Court.

An exhibit must be admitted into evidence before counsel may show it to the jury. When referring to an exhibit, counsel should refer to its exhibit number whenever possible.

## IV.    WITNESSES

Prior to the commencement of trial, each party shall provide the Courtroom Deputy with three copies of his witness list in the order in which the witness may be called to testify. For time and efficiency purposes, the Court advises each side to create a tabbed witness binder for each of its witnesses, which contains only the exhibits that counsel anticipates using with that particular witness.

By **August 5, 2019**, the parties shall email or otherwise provide Chambers and opposing counsel with a witness list that lists the witnesses expected to be called on the first day of trial. For the remaining days of trial, the parties should provide Chambers and opposing counsel with at least **forty-eight hours notice** as to which witnesses they intend to call. For each witness list provided, the parties shall state the order in which counsel intends to call the witnesses listed and whether they are presenting the witness by live testimony, deposition transcript, video, or otherwise. The parties may, but need not, file their lists on the docket.

## V.    INTERPRETERS

If an interpreter is needed for a witness, please make arrangements in advance.

## VI.    AUDIOVISUAL AND VIDEO EQUIPMENT

A new audiovisual system has been installed in Judge Bencivengo's courtroom. The new A/V system includes:

Video presentation systems

Individual monitors at the bench, counsel tables, lectern, witness box, courtroom deputy station, and jury box. Large 55" gallery monitor for public viewing.

<u>Evidence presentation technology</u>

Screen annotation, document camera, DVD / Blue Ray player, HDMI and VGA video inputs at the bench, lectern, witness box and counsel tables. We do **NOT** provide VGA or HDMI adapters for smart phones or tablets.

<u>Audio systems</u>

New speakers, interpretation and assistive listening system, audio conferencing, audio recording system to support Court Reporters, new courtroom control system, and digital rack equipment.

Contact the Courtroom Deputy for any further information about the audiovisual and video equipment.

**IT IS SO ORDERED.**

Dated:  June 28, 2019

_____

Hon. Cathy Ann Bencivengo
United States District Judge

7