UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL DORADOR-MARTINEZ,<br><br>                      Plaintiff,<br><br>v.<br><br>CORECIVIC INC.; DO CARINI,<br><br>                      Defendants. | Case No.: 18-CV-534-CAB-BGS<br><br>**ORDER ON RENEWED MOTION FOR SUMMARY JUDGMENT AND SCHEDULING ORDER**<br><br>[Doc. No. 83] |

The Court previously denied the defendants' motion for summary judgment in this case finding material facts in dispute. Essentially, plaintiff Manuel Dorador-Martinez alleges that defendant Detention Officer Carini assaulted him while the plaintiff was in the custody of defendant CoreCivic, Inc. In response to the plaintiff's sworn statements that Officer Carini caused his alleged injuries, defendants produced evidence that Officer Carini was not working on the day the assault allegedly occurred, or the days immediately preceding the alleged date. Plaintiff contends that these records may be inaccurate, or he may have confused the exact date of the incident, but he is unequivocal that Officer Carini is the individual who assaulted him. The Court found this dispute precluded summary judgment in favor of the defendants and set the matter for trial.

Subsequently, plaintiff's counsel notified the Court that Mr. Dorador having been

deported following a felony conviction in this judicial district, was denied a parole request made under 8 U.S.C § 1182(d)(5) to be allowed to return to the United States to testify at trial. Such denials are not appealable, and the plaintiff has provided no authority that the Court may overrule the discretionary exercise of U.S. Customs and Border Protection authority in this regard. The Court therefore directed defendants to renew the motion for summary judgment and required plaintiff to present what evidence plaintiff could offer, absent his own testimony, that would both identify the defendant as the alleged assailant and could competently be offered to contradict defendants' evidence that Officer Carini was not on duty on the date of or near the alleged incident. Accordingly, defendants renewed their motion for summary judgment. [Doc. No. 83.] Plaintiff opposed [Doc. No. 85] and defendants replied. [Doc. No. 90.]

Having considered the submissions of the parties, the Court finds that plaintiff has proffered no admissible evidence that would contradict the defendants' records regarding Officer Carini's work schedule on and around the dates of the alleged assault. Further, without the testimony of Mr. Dorador, there is no evidence that identifies Officer Carini as the alleged assailant. Consequently, unless Mr. Dorador testifies at trial, he cannot sustain his burden of proof to establish that Officer Carini assaulted him and caused his alleged injuries on or about the time at issue.

This however does not end the matter, as plaintiff requested in his opposition that he be permitted to testify pursuant to Federal Rule of Civil Procedure 43(a), allowing the Court to permit testimony by contemporaneous transmission from a different location for good cause in compelling circumstances. When a party's testimony is essential to his complaint, but he is unable to appear in court, a trial court "must investigate reasonable alternatives" before dismissing the action. *See Hernandez v. Whiting,* 881 F.2d 768, 771 (9th Cir. 1989) (it is necessary for the court to consider methods of bringing [the party] before the court, particularly when [the party's] testimony is essential to his complaint).

Plaintiff's request to testify by video transmission, pursuant to Rule 43, is granted and the renewed motion for summary judgment is **DENIED**. Plaintiff will make the

necessary arrangements and pay the expenses for remote testimony. Defendants may submit a supplemental motion *in limine* no later than **September 11, 2019**, regarding any conditions or safeguards they propose as appropriate for the remote testimony.

The hearing scheduled for September 10, 2019 is hereby **VACATED**. The parties will file oppositions to the pending motions *in limine* (and defendant's supplemental motion if filed) no later than **September 18, 2019**. Motions *in limine* will be heard on **September 26, 2019 at 3:00 p.m.** Trial is rescheduled for **October 28, 2019, at 8:45 a.m. through October 31, 2019**.

It is **SO ORDERED**.

Dated: September 4, 2019

Hon. Cathy Ann Bencivengo
United States District Judge